(111 So. 917)

**WACHTER v. DAVIS et al. (6 Div. 779.)**

(Supreme Court of Alabama. Jan. 13, 1927. Rehearing Denied April 14, 1927.)

**1. Wills ⚫➡399—Want of note of testimony or reporter's certificate does not warrant dismissal of appeal from decree for will contestants.**

Want of note of testimony or certificate of court reporter is not ground for dismissal of appeal from decree for will contestants; Code 1923, §§ 6574, 6575, relating to equity suits in which judge causes evidence to be taken orally in open court, not to will contests in which jury trial is matter of right.

**2. Courts ⚫➡472(4)—Chancery courts have no jurisdiction to probate wills (Code 1923, § 10609).**

Chancery courts have no jurisdiction for probate or establishment of wills, which is exclusively within jurisdiction of probate court, under Code 1923, § 10609.

**3. Wills ⚫➡259—Will may be contested in equity court within time prescribed by statute (Code 1923, § 10637).**

Code 1923, § 10637, authorizing will contest in court of equity, creates new substantive, and independent right, which may be exercised within time prescribed.

**4. Wills ⚫➡257—Probate in probate court is condition precedent to equity court's jurisdiction of will contest (Code 1923, § 10637).**

Under Code 1923, § 10637, admission of will to probate in probate court is condition precedent to equity court's jurisdiction of will contest.

**5. Wills ⚫➡257—Probate of will after contest was filed and before final decree did not give equity court jurisdiction.**

That will was probated about two months after contest was filed and before final decree did not give equity court jurisdiction, which must relate to time of institution of suit.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Bill in equity by Herbert Davis and another, by next friend, Hannah Gillett, against Emma Wachter. From a decree for complainants, respondent appeals. Reversed and rendered.

Theo. J. Lamar, W. A. Weaver, and Hugh A. Locke, all of Birmingham, for appellant.

The probate of a will in the probate court is a jurisdictional fact to the contest in equity. Code 1923, §§ 10609, 10637.

Pinkney Scott, of Bessemer, for appellees.

There is no note of testimony, and the appeal should be dismissed. Code 1923, § 6575; Johnson v. Riddle, 204 Ala. 408, 85 So. 701. The chancery court had jurisdiction of this contest. Code 1923, § 10637.

GARDNER, J. The bill in this case was filed by appellees against appellant for the contest of the will of Charles S. Davis, deceased. Section 10637, Code of 1923. Final decree was rendered in favor of contestants following the verdict of the jury to that effect.

[1] The evidence is presented in this record by bill of exceptions (Ex parte Colvert, 188 Ala. 650, 65 So. 964), and appellees move to dismiss the appeal for want of note of testimony or certificate of the court reporter (sections 6574, 6575). These sections relate to equity suits in which the judge causes the evidence to be taken orally before him in open court. In cases of contest of wills a trial by jury is a matter of right (Ex parte Colvert, supra), and these sections are without application.

We are inclined to the view that under the Colvert Case, supra, and in view of the character of the proceedings, a bill of exceptions properly presents the case. But in no event could this question become the foundation for the dismissal of the appeal, and the motion is denied.

[2-4] It appears from this record that the bill was filed January 29, 1925, and the will was not admitted to probate in the probate court of Jefferson county until March 23, 1925, and the point is taken that the circuit court, in equity, was without jurisdiction. We think the point is well taken. In this state the probate of a will is a matter resting exclusively in the jurisdiction of the probate court. Section 10609, Code of 1923. "Chancery courts have no jurisdiction in this state for the probate or establishment of wills." Kaplan v. Coleman, 180 Ala. 267, 60 So. 885. The right of contest of a will in a court of equity is purely of statutory creation (section 10637,

supra), which statute creates a new substantive and independent right, which may be exercised within the time prescribed (Kaplan v. Coleman, supra). The foregoing statute expressly provides that such contest is to be instituted "within the twelve months *after the admission of such will to probate in this state.*" (Italics supplied.) The admission of the will to probate in the probate court is therefore a condition precedent to the jurisdiction of the equity court as to such a contest.

By analogy the holding of the court in Kaplan v. Coleman, supra, is, we think, decisive of this question, wherein is the following language here pertinent:

"Since chancery courts have no jurisdiction in this state for the probate or establishment of wills, a bill for testamentary construction must obviously exhibit a will which has been duly probated in a court of probate. Such an allegation is jurisdictional, and the *fact* of probate is essential to its exercise."

[5] So in the instant case, the probate of the will is essential to the exercise of the equity court's jurisdiction. When the bill was filed there had been no will probated, a jurisdictional essential. The fact that the will was probated some two months thereafter and prior to the rendition of the final decree will not suffice as the question of jurisdiction of the court is one which must relate to the time of the institution of the suit.

Upon the filing of the bill the court was without jurisdiction, and this want of jurisdiction permeates the entire proceedings. It results, therefore, that the decree rendered was erroneous and will be reversed and one here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.