142 So. 523

### JESTER v. JESTER et al.

#### 7 Div. 134.

Supreme Court of Alabama.

June 9, 1932.

Frank B. Embry, of Pell City, and R. T. Goodwyn, Jr., of Montgomery, for appellant.

McCord & McCord, of Gadsden, for appellees.

KNIGHT, J.

■ Complainant, appellant here, filed his bill in the circuit court in equity, to contest the will of E. E. Jester, which had been admitted to probate in common form in the probate court of St. Clair county. The complainant, at the time of filing his bill, made due and proper demand for a trial of the issue devisavit vel non by jury, and, under our uniform rulings, the court was without discretion in granting the jury trial, it was a matter of right. Mathews v. Forniss, 91 Ala. 157, 8 So. 661, 664; Kennedy v. Kennedy, 2 Ala. 571; Johnson v. Hainesworth, 6 Ala. 443; Ex parte Colvert, 188 Ala. 650, 65 So. 964; Karter v. East, 220 Ala. 511, 125 So. 655; Hale v. Cox, 222 Ala. 136, 131 So. 233; Lewis v. Martin, 210 Ala. 401, 98 So. 635.

■ It appears from the decree, copied in the record, that the issues presented by the pleadings were tried by a jury, and their verdict was in favor of the respondents and of the validity of the will. It further appears from the record proper that the court, upon the return of this verdict by the jury, entered a decree, adjudging and decreeing that the "document purporting to be the last will and testament of E. E. Jester, deceased, was the last will and testament of said E. E. Jester, deceased, as found by the verdict of said jury, and that the same is in all respects valid." The decree entered upon said verdict further directed that a certified copy of the decree of the court be filed with the judge of the probate court of St. Clair county, Ala., and that the same be recorded on the record of wills in and for said county. The cost of court in said cause was taxed against the complainant.

In the case of Mathews v. Forniss, supra, this court, speaking through Mr. Justice Stone, said, with reference to the verdict of a jury in a will contest, where a jury trial had been demanded: "In the very nature of things, it [the verdict] precedes the judgment and decree of the court. It precedes the submission for decree; for the verdict of the jury, establishing or setting aside the will, if permitted to stand, is the great fact which determines the decree of the chancellor. It takes the place of all the testimony pro and con, and not only relieves, but prohibits, the chancellor from considering any portion of it in forming his judgment. As in trials at common law, the verdict of the jury, if it responds to the issue, is in form, and is permitted to stand, logically and necessarily dominates the judgment and decree of the court, which must follow it."

There is no bill of exceptions in this case, and nothing to show that the complainant made any motion to set aside the verdict of the jury. Nor is there anything in the rec-

ord to indicate that the court was called upon, in any way, to disturb the verdict of the jury. Having permitted the verdict to stand, there was nothing left for the court to do, other than to follow the verdict in rendering his decree. This the court did. This court, as heretofore pointed out, has held that, when the verdict of the jury responds to the issues presented to them for determination, it (the verdict) is binding and conclusive upon the equity court, unless the court sets the same aside, and this was not done in the instant case. Mathews v. Forniss, supra; McCutcheon v. Loggins, 109 Ala. 463, 19 So. 810; Lewis v. Martin, supra; Karter v. East, supra.

In the absence of a bill of exceptions, showing that a proper motion was made in the court below to set aside the verdict, and no errors appearing upon the record proper, it follows that the decree appealed from must be, and is, affirmed. Authorities, supra.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.