162 So. 275

## Ex parte KING.
### 7 Div. 322.

Supreme Court of Alabama.
June 6, 1935.

**530**

Stephen B. Coleman, of Birmingham, for petitioner.

Chas. F. Douglass, of Anniston, for respondent.

Brief did not reach the Reporter.

BROWN, Justice.

This is an original application to this court for a peremptory mandamus to the circuit court of Calhoun county, sitting in equity and presided over by the Honorable Lamar Field, to set aside and vacate an order entered in the case of petitioner, S.·P. King, against F. M. Nixon, pending on the equity docket of said court, granting said Nixon's motion to reconsider the motion theretofore made to set aside the verdict of the jury on the issue directed to be tried in the law side of said court and duly certified thereto, after said motion had been heard and overruled.

The facts alleged, and as to them there is no material dispute, are that on the said Nixon's demand, under the provisions of section 9908 of the Code of 1923, an issue "out of chancery" was duly certified to the common-law court for trial, and was tried, resulting in a verdict in favor of the petitioner, King, returned into court on the 14th day of March, 1934. Thereupon Nixon moved to set the verdict aside and for a venire facias de novo. This motion was submitted to the court, presided over by the Honorable W. B. Merrill, sitting in equity, on August 25, 1934, along with a bill of exceptions taken on the jury trial, duly authenticated, and the motion was overruled, but the court did not enter a final decree on the verdict.

On February 23, 1935, Nixon filed a motion requesting the court to vacate the order overruling the motion to set aside the verdict, and reconsider the same. The last-mentioned motion was submitted to the court, Judge Field presiding, along with the motion of the petitioner, King, to strike the motion to reconsider, on the ground that the court was without jurisdiction to reconsider and grant the motion to set aside the verdict and grant a venire facias de novo. The court overruled the motion to strike, vacated the order overruling the motion first filed, and ordered the issues retried.

The facts upon which the circuit court acted in reconsidering and granting the motion are not presented here for consideration; therefore, we are not concerned with the merits of the motion or the reasons impelling the circuit court to grant the same. The sole question presented here is one of power of the court to vacate the former order and reconsider and grant the motion.

■ It is settled that circuit courts, in the exercise of equity jurisdiction, are always open for the transaction of any business therein (Code 1923, § 6636); that they have no terms, in the sense that their jurisdiction is lost, except as to final decrees, as provided by section 6670 of the Code. Ex parte Howard (Howard v. Ridgeway, et al.), 225 Ala. 106, 142 So. 403; Ex parte Favors, 225 Ala. 675, 145 So. 146.

■ It is also settled that the proceedings and trial by jury in a court of law on an issue out of the equity proceedings are a part of the equity proceedings, subject to revision by the equity court, and the verdict of the jury does not become final and conclusive until a final decree is entered thereon.

By the express provision of the statute, the court of equity "may, for sufficient reasons, order a new trial thereof." Code 1923, § 9908; Karter v. East et al., 218 Ala. 536, 119 So. 662; Ex parte Colvert, 188 Ala. 650, 65 So. 964.

■ The order of the court overruling a motion for new trial in such case, unless embodied in and made a part of the final decree, is interlocutory, and subject to revision or alteration by the court at any time before final decree. Cochran et al. v. Miller et al., 74 Ala. 50, 63; Sally, use, etc., v. Gooden, 5 Ala. 78; Acre v. Ross, Administrator, 3 Stew. 288; Bagby, Governor, etc., v. Chandler and Chandler, 8 Ala. 230.

True, it was held in Lewis et al. v. Martin, 210 Ala. 401, 98 So. 635, that the court lost its power to grant the motion for a new trial in such equity proceeding at the end of the term at which the motion was made, unless the motion was specifically

continued; but that decision was rendered before the decision in Ex parte Howard (Howard v. Ridgeway et al.), supra, on the mistaken assumption that section 6667 of the Code was applicable to the circuit court sitting in equity, and did not take account of the provisions of section 6636.

Our judgment, therefore, is that the petitioner is not entitled to the writ of mandamus in this case, and the same will be denied and the petition dismissed.

Writ denied; petition dismissed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.