191 So. 617

**FARMERS & MERCHANTS BANK OF ASHVILLE v. JONES et al.**

7 Div. 568.

Supreme Court of Alabama.

Oct. 5, 1939.

Rehearing Denied Nov. 2, 1939.

Jas. A. Embry and W. L. Acuff, both of Ashville, for appellant.

John R. Robinson and O. R. Hood, both of Gadsden, for appellees.

BROWN, Justice.

This appeal is prosecuted by the defendant from the final decree entered on the verdict of a jury rendered on the trial of an issue out of chancery in two cases—bills filed under the statute to quiet title to land—consolidated by consent of the parties, and tried as one.

The defendant in its answer to the bill first filed, Case No. 526, asserted that it had a mortgage on a part of the land executed by three of the complainants to the

defendant in August, 1934, for $650, on which payments had been made, leaving a balance due and unpaid.

In the Case No. 527, it asserted that it had a mortgage on all of said land for Two Thousand Dollars executed to it by all of the complainants to secure an indebtedness contracted by one of said complainants, Izo Jones Baswell.

The answers were made cross-bill seeking foreclosure, and in their answers to the first cross-bill the complainants admitted the indebtedness secured by the mortgage, but in the other they denied the existence of the indebtedness, asserted *that the note and mortgage for $2,000 was without consideration; that the note was signed by only one of the complainants, the said Izo Jones Baswell; that her signature thereto "was procured by Respondent to said note and she was induced to sign the same by coercion, duress, threats and undue influence."* (Italics supplied.)

On the trial of the issue, after the jury had been impaneled, the parties agreed that the mortgage first mentioned was valid, and the amount of the balance due thereon, and that a decree of foreclosure thereon should be rendered. The truth or not of the italicized averments, as to the second mortgage, was the issue submitted to the jury, resulting in a verdict in favor of the complainants.

The verdict was rendered in open court on September 14, 1938, Judge Alto V. Lee presiding, and the minutes of the trial recite the "Judge, presiding, received the verdict of the jury, retained the same and as the Judge of the Equity side of the Court, took the submission of and held for consideration said causes."

The final decree was entered on the 28th of September, 1938.

Thereafter the defendant, appellant here, on October 25, 1938, made motion to set aside the verdict and presented the same to Judge Lee. The matter was continued from time to time, until the 11th of November, 1938, when it was submitted and taken under advisement, and the court on December 2 entered an order overruling the same.

The contention of appellant that the final decree was entered without formal submission of the cause and without note of testimony by the Register, under Rule 75, is without merit. The minutes of the court show a formal submission without objection, on the verdict of the jury for final decree, and note of testimony was not necessary for the simple reason that there was no testimony to be noted. The testimony had been adduced on the jury trial, and a bill of exceptions was not taken to preserve the testimony.

The motion for new trial, made after the final decree was entered on the verdict, came too late. Brintle v. Wood et al., 223 Ala. 472, 136 So. 803; Jester v. Jester et al., 225 Ala. 138, 142 So. 523; Ex parte King, 230 Ala. 529, 162 So. 275; Hale et al. v. Cox, 222 Ala. 136, 131 So. 233; Karter v. East et al., 220 Ala. 511, 125 So. 655.

The rulings of the Circuit Court were free from error and the decree of that court is due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.