27 So.2d 630

**Ex parte CURRY et al.**

2 Div. 218.

Supreme Court of Alabama.

Oct. 10, 1946.

Rehearing Denied Nov. 7, 1946.

Clifton C. Johnston, of Marion, for petitioners.

Arthur W. Stewart, of Marion, and John W. Lapsley, of Selma, for respondent.

**BROWN, Justice.**

This is an original petition for the issuance of the writ of mandamus to the Circuit Court of Perry County to compel that court to vacate, set aside and hold for naught a final decree rendered in the case of John Holmes as complainant against T. L. Curry, as executor of the last will and testament of Elam Parish, deceased, et al., and to set aside the verdict of the jury and dismiss the bill filed by Holmes contesting a codicil to the last will and testament of Elam Parish, deceased, admitted to probate in the Probate Court of Perry County, Alabama.

At the time of the filing of the bill under Code 1940, Tit. 61, § 64, complainant demanded a trial by jury, as provided for in § 67 of said title. The contest was grounded on the incompetency of the testator to execute the codicil, or in the alternative that its execution was procured by undue influence. Coghill v. Kennedy, 119 Ala. 641, 24 So. 459.

The facts upon which the relief sought is based, briefly stated, are: The issues for trial by jury were made up in the circuit court, in equity, between the parties and the jury duly empaneled in that court to try the same on the 27th of March, 1945, and the trial continued into the 28th of March, on which date the case was submitted to the jury. After the jury retired to consider their verdict, and at the time of adjournment for that day, it was agreed between the parties and the court that the verdict might be received by the register, and counsel for the respective parties retired from the courtroom and did not return during that session of the court. The jury returned their verdict in writing soon after the court recessed, and in the absence of respondent's attorney, Judge Callen, presiding, received the verdict and entered upon his docket the following:
"3/28/45.

"Jury and verdict for contestant as follows: 'We, the jury, find the issue in favor of the contestant and against the validity of the codicil propounded for probate.
" 'Wm. D. Edwards, Foreman.'
"W. E. Callen, Judge."

Thereafter the petitioners here on the 5th of April, 1945, spread a motion on the motion docket to set aside the verdict and for a new trial and the motion was set down for hearing on April 25, 1945. On April 21, 1945, the petitioners' counsel filed written briefs with the presiding judge supporting their motion. The trial judge notified the attorneys that he would hear the motion to set aside the verdict at two o'clock on the day it was set for hearing. The court overruled the motion and entered a final decree on the verdict of the jury, vacating and setting aside and holding for naught the codicil in said will. The attorneys for petitioners being present at the time suggested Holmes' death and objected to the court considering the matter.

On the 5th of May, 1945, petitioners filed a motion to set aside the decree on the verdict of the jury and to dismiss the bill. This motion was presented to the court on the 15th of June, 1945, when it was made known to the court by affidavit and certificate from the State Department of Vital Statistics that John Holmes, the complainant, had died on the 8th day of April, 1945. This motion was denied.

The foregoing facts are taken from the averments of the petition and the answer

386

of the trial judge which is in no way con-troverted.

The contention of the petitioners is that the death of Holmes, sole complainant in the bill contesting the codicil, which occurred after the verdict was rendered, received by the court and entered upon the trial docket, deprived the court of all jurisdiction to enter the decree thereon, and that the decree is void.

The basis of this contention is that Holmes' right to contest was purely statutory and personal to him, and did not survive, and his death deprived the court of jurisdiction to render the final decree. To this we cannot agree. Holmes' right of action had been successfully prosecuted and merged into a verdict, which entitled him to a decree vacating, setting aside and holding for naught the alleged codicil to the will of Elam Parish, deceased, unless set aside for error occurring on the trial of the issue. Jester v. Jester, 225 Ala. 138, 142 So. 523; Lewis v. Martin, 210 Ala. 401, 409, 98 So. 635; Karter v. East et al., 220 Ala. 511, 125 So. 655; Campbell v. Beyers, 189 Ala. 307, 66 So. 651; Hilker v. Kelley, 130 Ind. 356, 30 N.E. 304, 15 L.R. A. 622.

The complainant Holmes was entitled to a decree at the time the verdict was returned into court and received by the presiding judge and entry made upon the trial docket. Any delay occasioned by the act of the adverse parties or the court will not, on principles well settled, be allowed to prejudice the right of the successful party recovering the verdict to have the decree entered as of the date the verdict was received. Kelley v. Riley, 106 Mass. 339, 341, 342, 343, 8 Am.Rep. 336; Currier v. Inhabitants of Lowell, 16 Pick. 170, 173, 174. There is a wealth of authority sustaining the foregoing points, but we deem those cited sufficient.

Our conclusion is that the decree and proceedings of the circuit court in equity are not void and that the petitioner is not entitled to mandamus. Writ is, therefore, denied and petition dismissed.

Writ denied and petition dismissed.

All the Justices concur.