69 So.2d 694

OWENS v. WASHINGTON et al.

2 Div. 320.

Supreme Court of Alabama.

Nov. 19, 1953.

Rehearing Denied Jan. 14, 1954.

200

Harry W. Gamble and T. G. Gayle, Selma, for appellant.

Pettus, Fuller, Reeves & Stewart, Selma and Harry B. Cohen, Birmingham, for appellees.

SIMPSON, Justice.

This is an appeal from an equity decree based on a jury's verdict at law on an "issue out of equity."

Will Duncan died intestate owning certain real property in Dallas County, Alabama, and this proceeding was instituted by appellant, a niece of intestate, to sell the property for division of proceeds among his collateral kin. Appellees intervened in the case, claiming they were the children of intestate's son, Eddie Duncan, were therefore the grandchildren of Will Duncan and his sole heirs at law.

The contested issue in the case was whether or not Eddie Duncan, father of appellees, was the lawful son of Will Duncan. Appellees demanded a jury trial pursuant to Title 7, §§ 322–326, Code 1940. The equity court duly impaneled a jury and submitted the issue to them. The jury returned a verdict on November 27, 1951, in favor of appellees and the equity court thereupon rendered a final decree responsive to the jury's verdict in favor of the appellees. On December 22, 1951, *after* the equity court had entered the final decree, the appellant filed a motion in that court to set aside the verdict and the decree rendered thereon and to grant her a new trial for alleged errors intervening in the trial at law. The court overruled this motion.

The appellant now assigns as error and argues for a reversal certain of the rulings of the trial court on the evidence proffered at the trial at law and the overruling of her said motion to set aside the verdict and grant a new trial.

Before addressing consideration to the propositions advanced as error, some established principles governing the procedure in such cases will be adverted to.

By virtue of Title 7, §§ 322–326, appellees as a matter of right were entitled to a jury trial. This court, speaking through the late Mr. Justice Brown in Howard v. Ridgeway, 225 Ala. 106, 142 So. 403, in defining what is meant by "an 'issue out of chancery'" said it was those equitable cases wherein the parties are entitled as a matter of right to a trial of the issues by a jury as distinguished from cases wherein the trial by jury and the verdict are merely advisory and that "In such cases the trial of the issues by jury partake of the essence of a trial at law". Howard v. Ridgeway, supra.

But the proceeding and trial by a jury on an issue out of chancery is not an independent trial but is a part of the equitable proceeding. Ex parte King, 230 Ala. 529, 162 So. 275; Karter v. East, 218 Ala. 536, 119 So. 662. And on appeal from the final equitable decree in cases such as the present one, this court can review only those errors committed by the court of equity. Karter v. East, 220 Ala. 511, 125 So. 655; Cook v. Morton, 241 Ala. 188, 1 So.2d 890.

The question therefore naturally arises, how may a party take advantage of and have reviewed the errors intervening in the trial at law?

No appeal will lie from the verdict of the jury itself, for the verdict does not become final and conclusive until a final decree is rendered thereon. Ex parte King, supra. So also, no appeal will lie in such a case from a law judgment entered on the jury verdict. Karter v. East, 218 Ala. 536, 119 So. 662. As stated, this court can consider only the errors committed by the equity court (authorities, supra) and errors in the trial at law are reviewable here only when made the basis of seasonable objection to the rendition of the decree in equity based on the jury verdict. Karter v. East, 220 Ala. 511, 125 So. 655. And to that end, a motion to set aside the verdict and award a new trial is essential to a review by the chancel-lor of the rulings on the trial of the issues before the jury. Howard v. Ridgeway, supra. It is also settled that the chancellor and only he may grant a new trial at law and set aside the verdict of the jury which has tried the issue. Ex parte Colvert, 188 Ala. 650, 65 So. 964; Karter v. East, 220 Ala. 511, 125 So. 655.

Therefore, the correct procedure to follow in cases in equity where the party is entitled to a trial by jury as a matter of right appears to be as follows: The aggrieved party, after the jury has rendered its verdict and *before* the equity court has entered a decree thereon, must file a motion in the equity court to set aside the verdict and grant a new trial. Of such was the import of the holding in Farmers and Merchants Bank of Ashville v. Jones, 238 Ala. 463, 191 So. 617, where the appellant was appealing from a final decree entered on the jury's verdict rendered on the trial of an issue out of chancery (bill to quiet title). In that case also the appellant made a motion for a new trial after the final decree was entered on the verdict. The court in holding that such motion came too late adopted the theory deduced in Brintle v. Wood, 223 Ala. 472, 136 So. 803 (a bill to quiet title where one party demanded a jury), which said:

"* * * in order to review the findings of the jury on the facts culminating in the verdict by the judge sitting in equity, motion must be made before a final decree is entered on the verdict. * * *

"The ruling of the court of equity on petition for rehearing filed after the final decree is entered is not reviewable on appeal. * * *" 223 Ala. 474, 136 So. 804.

That a motion to set aside the verdict of the jury and grant a new trial should be made *before* the equity court enters a decree thereon must logically follow from the principle referred to in Jester v. Jester, 225 Ala. 138, 142 So. 523; Ex parte Curry, 248 Ala. 384, 27 So.2d 630, that unless the verdict is vacated, the verdict responding to the issue submitted is binding on the equity court and

the equity court must follow the verdict in rendering the decree.

On hearing and disposing of such a motion, the court of equity acts as a court of review and the scope of such review is limited to the grounds of the motion. Hale v. Cox, 222 Ala. 136, 131 So. 233. Since the alleged error in the trial at law must be presented to the court in equity (Karter v. East, 220 Ala. 511, 125 So. 655) the party making the motion should in the motion specifically set out each ruling of the law court of which he complains. In this situation, the equity court acts on the motion for a new trial as in jury trials at law and an appeal is not controlled by Equity Rule 62, Code 1940, Tit. 7 Appendix. Curry v. Holmes, 249 Ala. 545, 32 So.2d 39. By this it is meant that this court will on appeal review the ruling of the equity court on the motion for a new trial (Cook v. Morton, supra) if such motion is seasonably made, i. e., *before* the final decree is entered. Farmers & Merchants Bank of Ashville v. Jones, supra.

From these considerations, it results that appellant can take nothing by her assignments claiming error in the overruling of her motion to set aside the verdict of the jury and to grant a new trial, coming as it did after the rendition of the final decree in equity, since it was not timely made.

So also and on like principle are the assignments alleging error in the admission or exclusion of evidence on the trial before the jury untenable, since as predicate for a review here the propositions must have been included as grounds in a seasonable motion to set aside the verdict and grant the new trial.

No error to reverse is made to appear.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.

## On Rehearing

PER CURIAM:

Appellant, now for the first time, complains he was denied opportunity of presenting a motion for a new trial because the verdict and the decree thereon were rendered the same day. However, when the verdict was rendered appellant interposed no seasonable motion or request to that end. On the contrary, the motion for a new trial was filed twenty-five days after entry of the decree. Appellant therefore is in no position to complain of any premature action by the court. It is almost axiomatic to say that remedy by mandamus would, of course, be open to an appellant to correct arbitrary action should the judge fail on request to defer entering the decree on the jury's verdict until proper objection or motion could be filed.

It is suggested the applicability of § 276, Title 7, Code 1940, giving a party thirty days from entry of *judgment* to file a motion for a new trial. To ignore such section, contends the appellant, would be judicial legislation. This section of the Code is necessarily and exclusively concerned with law judgments and not with equitable decrees. And notwithstanding the fact that "the trial of the issues by jury partake of the essence of a trial at law" (Howard v. Ridgeway, supra [225 Ala. 106, 142 So. 404]), an issue out of chancery is an equitable proceeding (Karter v. East, supra) and the jury trial is a part of the equitable proceeding (Ex parte King, supra) and on appeal this court can review only those errors committed by the equity court, Karter v. East, supra.

Appellant also contends that in none of the cases cited in the original opinion was a motion for a new trial filed within the thirty-day period. A reference to the original records will disclose otherwise. In the case of Brintle v. Wood, quoted from in the original opinion, the final decree was entered March 20, 1930; on April 18, 1930, and within thirty days from the rendition of the decree appellant filed a motion to set aside the decree and to grant him a rehearing or new trial. In refusing to review errors committed by the lower court, it was there said [223 Ala. 472, 136 So. 804]: "Motion must be made *before* a final decree

is entered on the verdict." And in the case of Farmers and Merchants Bank of Ashville v. Jones, also cited in the original opinion, the final decree was entered September 28, 1938, and on October 25, 1938, appellant made a motion to set aside the verdict. This court there said [238 Ala. 463, 191 So. 618]: "The motion for new trial, made after the final decree was entered on the verdict, came too late."

Appellant makes mention also that Equity Rule 57, Code 1940, Tit. 7 Appendix, has some application, but this contention likewise is without merit. See Farmers and Merchants Bank of Ashville v. Jones, supra; Wachter v. Davis, 215 Ala. 659, 111 So. 917.

Application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and CLAYTON, JJ., concur.