74 So.2d 486

### Walter Gustavus WOODS et al.

v.

### ALLISON LUMBER COMPANY.

#### 2 Div. 338.

Supreme Court of Alabama.

Aug. 30, 1954.

See also 258 Ala. 282, 62 So.2d 229.

Walter G. Woods, Tuscaloosa, for appellants.

Ira D. Pruitt, Livingston, and McQueen & McQueen, Tuscaloosa, for appellee.

SIMPSON, Justice.

Appellee has timely filed its motion to dismiss the appeal because it was not perfected until more than six months after the rendition of the final decree. The motion is well taken. The appeal "must be

taken within six months from the rendition of the * * * decree." Code 1940, Title 7, § 788.

■ True, the time in which an appeal may be taken is suspended pending a ruling on an application for rehearing duly filed under Equity Rule 62. Manery v. Manery, 256 Ala. 441, 55 So. 2d 194; Gavin v. Hughes, 249 Ala. 126, 30 So.2d 245; Williams v. Knight, 233 Ala. 42, 169 So. 871.

■ But the motion in the instant case was not a motion for a rehearing under Equity Rule 62. The suit was one to quiet title to real estate and on demand of one of the parties a jury trial was granted as a matter of right. Code 1940, Title 7, § 1112. The jury found the issues in favor of the appellee and the trial court accordingly rendered a decree responsive to the jury's verdict. Thereafter a motion was filed to set aside the verdict for alleged errors occurring at the trial. The motion was properly overruled and the propriety of that action is not here reviewable. An equity decree based on a jury's verdict on an issue out of chancery cannot be assailed on account of errors occurring on the jury trial unless motion is made assigning such errors before the final decree is entered on the jury's verdict. When no such motion is seasonably interposed, only those errors committed by the equity court (as distinguished from those occurring on the jury trial) can be reviewed. Owens v. Washington, 260 Ala. 198, 69 So.2d 694.

■ Therefore, the foregoing motion alleging certain errors occurring in the jury trial did not have the effect of suspending the time of taking the appeal, since it was not an application for rehearing under Equity Rule 62. As was noticed in Owens v. Washington, supra, Equity Rule 62 is without application.

The motion to dismiss the appeal must be granted.

Appeal dismissed.

LIVINGSTON, C. J., and MERRILL and CLAYTON, JJ., concur.