83 So.2d 206

Percy G. WOOD

v.

E. S. MILLER et al.

2 Div. 350.

Supreme Court of Alabama.

Nov. 3, 1955.

Graham Kirkpatrick, Selma, for appellant.

Pettus, Fuller Reeves & Stewart and Theodore L. Wade, Selma, for appellees.

GOODWYN, Justice.

Appellant brought suit in the circuit court of Dallas County, in Equity, against appellees to quiet title to approximately 20 acres of land located in said County. The suit is brought pursuant to Code 1940, Tit. 7, § 1109 et seq., and was commenced on April 22, 1953. The record does not dis-

close the time of service of the bill of complaint on respondents. However, the respondent Alice Alison Lide, as guardian of Alice Jo and Kate A. Whittington, filed demurrer to the complaint on May 5, 1953, and the other respondents demurred to the complaint on June 4, 1953. Respondent Lide made no demand for a trial by jury at the time of filing her demurrer. The other respondents, E. S. Miller, R. W. Buchanan and S. C. Cursey, individually and as partners doing business under the firm name of Mico Log & Timber Company, did make a written demand for a jury trial at the time of filing their demurrer on June 4, 1953. The bill of complaint was amended on August 16, 1954. On January 26, 1955, the demurrers of all of the respondents were refiled to the complaint as amended and on the same date were overruled. Then, also on the same date, respondents Miller, Buchanan and Cursey, individually and as partners, filed their joint answer to the bill of complaint praying that their answer be taken and considered as a cross-bill. Respondent Lide also filed her answer and cross-bill on said date. On both answers and cross-bills there was this endorsement signed by the respective attorneys for the respondents, viz.: "For the trial of this cause, respondents and cross-complainants demand a trial by jury." Also, on January 26, 1955, the complainant and cross-respondent answered the respondents' cross-bills. Thereupon, a jury was selected on said date for hearing the evidence.

At the conclusion of the taking of testimony on January 28, 1955, the jury returned a verdict finding the "issues in favor of the respondents". On January 31, 1955, the chancellor rendered a decree "in accordance with the verdict of the jury". On March 29, 1955, appellant gave notice of appeal "from the verdict of the jury and the decree of the circuit court of Dallas County, in equity, rendered in said cause on the 28th day of January, 1955." Security for costs of appeal "from the verdict of the jury and the decree rendered in the above entitled cause on the 28th day of January, 1955" was taken and approved on April 5, 1955. Notice was given to respondents on April 6, 1955, of appeal by

complainant from a decree in the cause "rendered on the *31st* January, 1955."

■ Appellees have filed a motion to dismiss the appeal on the ground that the assignments of error are without merit and present nothing for review by this court, since all of the assignments are directed to the setting aside of the jury verdict and appellant failed, prior to the rendering of the decree of January 31st, to make a motion in the equity court to set aside the verdict of the jury and grant appellant a new trial. There are five assignments of error, as follows:

1. "The verdict of the jury and the judgment entered thereon is contrary to the great weight and preponderance of the evidence in said cause."

2. "The verdict of the jury is contrary to the facts in said cause."

3. "The verdict of the jury is contrary to the law in said cause."

4. "The trial Court erred in giving the following requested charge on behalf of the respondents: 'The Court charges the jury that unless the plaintiff had the actual, open, notorious and exclusive possession of the South half of the Southwest quarter of the Northwest quarter, Section 19, Township 13, Range 10, Dallas County, Alabama, at the time of the filing of this suit, your verdict should be in favor of the defendants.' "

5. "The trial Court erred in giving the following requested charge on behalf of the respondents: 'The Court charges the jury that the map marked Exhibit A and attached to the bill of complaint, "plat of lands owned by Mrs. Minnie W. Miller" filed in the Probate Office of Dallas County, Alabama, January 11, 1939, purported to be executed by E. E. Todd, County Surveyor, under date of 22nd day of October, 1938, is not sufficient as color of title and cannot be considered by the jury as a color of title.' "

The authorities principally relied on in support of the motion are the following:

Woods v. Allison Lumber Co., 261 Ala. 286, 287, 74 So.2d 486; Owens v. Washington, 260 Ala. 198, 201–202, 69 So.2d 694, and Karter v. East, 220 Ala. 511, 515, 125 So. 655.

In Woods v. Allison Lumber Co., supra, it is said:

"* * * The suit was one to quiet title to real estate and on demand of one of the parties a jury trial was granted as a matter of right. Code 1940, Title 7, § 1112. The jury found the issues in favor of the appellee and the trial court accordingly rendered a decree responsive to the jury's verdict. Thereafter a motion was filed to set aside the verdict for alleged errors occurring at the trial. The motion was properly overruled and the propriety of that action is not here reviewable. An equity decree based on a jury's verdict on an issue out of chancery cannot be assailed on account of errors occurring on the jury trial unless motion is made assigning such errors before the final decree is entered on the jury's verdict. When no such motion is seasonably interposed, only those errors committed by the equity court (as distinguished from those occurring on the jury trial) can be reviewed. Owens v. Washington, 260 Ala. 198, 69 So.2d 694."

From Owens v. Washington, supra, is the following [260 Ala. 198, 69 So.2d 696]:

"Therefore, the correct procedure to follow in cases in equity where the party is entitled to a trial by jury as a matter of right appears to be as follows: The aggrieved party, after the jury has rendered its verdict and *before* the equity court has entered a decree thereon, must file a motion in the equity court to set aside the verdict and grant a new trial. Of such was the import of the holding in Farmers & Merchants Bank of Ashville v. Jones, 238 Ala. 463, 191 So. 617, where the appellant was appealing from a final decree entered on the jury's verdict rendered on the trial of an

issue out of chancery (bill to quiet title). In that case also the appellant made a motion for a new trial after the final decree was entered on the verdict. The court in holding that such motion came too late adopted the theory deduced in Brintle v. Wood, 223 Ala. 472, 136 So. 803 (a bill to quiet title where one party demanded a jury), which said:

" '* * * in order to review the findings of the jury on the facts culminating in the verdict by the judge sitting in equity, motion must be made before a final decree is entered on the verdict. * * *

" 'The ruling of the court of equity on petition for rehearing filed after the final decree is entered is not reviewable on appeal. * * *' 223 Ala. 474, 136 So. 804.

That a motion to set aside the verdict of the jury and grant a new trial should be made *before* the equity court enters a decree thereon must logically follow from the principle referred to in Jester v. Jester, 225 Ala. 138, 142 So. 523; Ex parte Curry, 248 Ala. 384, 27 So.2d 630, that unless the verdict is vacated, the verdict responding to the issue submitted is binding on the equity court and the equity court must follow the verdict in rendering the decree.

"On hearing and disposing of such a motion, the court of equity acts as a court of review and the scope of such review is limited to the grounds of the motion. Hale v. Cox, 222 Ala. 136, 131 So. 233. Since the alleged error in the trial at law must be presented to the court in equity (Karter v. East, 220 Ala. 511, 125 So. 655) the party making the motion should in the motion specifically set out each ruling of the law court of which he complains. In this situation, the equity court acts on the motion for a new trial as in jury trials at law and an appeal is not controlled by Equity Rule 62, Code 1940, Tit. 7 Appendix. Curry v. Holmes,

249 Ala. 545, 32 So.2d 39. By this it is meant that this court will on appeal review the ruling of the equity court on the motion for a new trial (Cook v. Morton [241 Ala. 188, 1 So.2d 890], supra) if such motion is seasonably made, i e., *before* the final decree is entered. Farmers & Merchants Bank of Ashville v. Jones, supra."

In discussing the question in Karter v. East, supra, this court, through Bouldin, J., outlined the method of review in a case like this to be as follows [220 Ala. 511, 125 So. 659]:

"How is such review to be had?

"Prior to the consolidation of the law and equity courts, the recognized practice was to reserve a bill of exceptions on the trial at law, cause the same to be duly signed and certified by the trial judge at law along with the verdict to the court of equity. A motion to set aside the verdict and grant a new trial for errors shown by the bill of exceptions followed.

"Since the jurisdiction at law and equity, is vested in the circuit court, the trial at law and in equity may or may not be before the same trial judge. In either event, when sitting in equity to review the trial at law, he is dealing with a matter no longer before him as a proceeding at law, but before him by virtue of his powers as a chancellor.

"Equity jurisdiction and procedure in equity remain unaffected by the change in personnel of the chancellor. Procedure at law and procedure in equity remain distinct.

"It follows that alleged errors in the trial at law must be presented to the court of equity in cases of this character, on proper motion to vacate the verdict and grant a new trial at law. Unless vacated, the verdict is binding on the equity court.

"The appeal to this court is from the final decree of the equity court. Only

errors of that court are to be here reviewed. This includes errors in dealing with the verdict at law. Errors in the trial at law are reviewable here only when made the basis of objection to the decree in equity. If no objection to the verdict is presented in the equity court, it cannot be presented on appeal to this court. This rule seems fully established. Ex parte Colvert, 188 Ala. 650, 653, 65 So. 964; Adams v. Munter & Bro., 74 Ala. 338; Alabama, T. & N. R. Co. v. Aliceville Lumber Co., 199 Ala. [391] 408, 74 So. 441; Karter v. East, 218 Ala. 536, 119 So. 662."

■ Appellant apparently recognizes the applicability of the rule approved in the cited cases insofar as suits to quiet title to lands generally are concerned, but takes the position that said rule is not applicable here because all the respondents failed to demand a jury trial within the time prescribed by Code 1940, Tit. 7, § 260, as amended, Act No. 74, appvd. June 10, 1953, Gen.Acts 1953, p. 103. Section 260, as amended, provides as follows:

"All civil cases at law shall be tried and determined by the court without a jury unless the plaintiff indorses in writing his demand for a trial by jury on the summons and complaint, attachment, or other process or paper filed by him for the purpose of instituting the suit, or by filing a separate written demand with the clerk of the court at the commencement of the suit, or unless the defendant or other party occupying the position of defendant shall demand in writing a trial by jury within thirty days after the perfection of service on him, or unless the claimant shall demand in writing a trial by jury at the time of the filing of his claim. * * *."

We are unable to agree with the position taken by appellant. Section 260, Tit. 7, as amended, supra, applies exclusively to "civil cases at law" and has no application to suits in equity to quiet title under Code 1940, Tit. 7, § 1109 et seq. The right to a jury trial in the instant proceeding is that given by § 1112, Tit. 7, as follows:

"§ 1112. Right to jury trial.—*Upon the application of either party*, in a proceeding under section 1109 of this title, *a trial by jury shall be directed to determine the issues or any specified issue of fact presented by the pleadings*; and the court is bound by the result, but may, for sufficient reasons, order a new trial thereof; and when a trial is not requested, or as to the facts for which the same is not requested, the court shall consider and determine any title, claim, interest, or incumbrance, and shall, upon the finding of the jury, or upon such consideration and determination, finally adjudge and decree whether the defendant has any right, title, or interest in, or incumbrance upon, such lands, or any part thereof, and what such right, title, interest, or incumbrance is, and in or upon what part of the lands, the same exists; and such decree is binding and conclusive upon all the parties to the suit." [Emphasis supplied.]

It is obvious that Section 1112, Tit. 7, supra, makes no attempt to set any definite time within which a demand for a jury trial must be made, as is done by Section 260, Tit. 7, as amended, supra, with respect to "civil cases at law." Under Section 1112 the application for a jury trial is with respect to "the issues or any specified issue of fact presented by the pleadings". Under existing procedures for trying a suit in equity to quiet title to lands the disputed issues of fact are not made known until the coming in of the answer. It might well be that the expediency of demanding a trial by jury will not crystallize until the disputed issues of fact are thus determined. So, it seems to us, the legislature carefully and purposely refrained from requiring, in suits to quiet title to lands, that the demand for a jury be made within prescribed limits of time as is required in "civil cases at law". We see no basis for holding that the demands for a jury trial by the respondents were not timely made under Section 1112, Tit. 7, supra. Cf. Ex parte Nixon, 239 Ala. 306, 308, 195 So. 228.

In view of our conclusion that the motion to dismiss must be sustained we have refrained from discussing whether the appeal should be dismissed because taken from "the verdict of the jury and decree rendered * * * on the 28th day of January, 1955", instead of the decree of January 31, 1955.

Appellees' motion to dismiss the appeal is sustained.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.