205 So.2d 589

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.**

v.

**Earl Leon BODIFORD et al.**

**I Div. 244.**

Supreme Court of Alabama.

June 29, 1967.

Rehearing Denied Jan. 18, 1968.

Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellant.

Caffey, Gallalee, Edington & Loveless and Leon Duke, Mobile, for appellees.

PER CURIAM.

This is an appeal from a final decree, in equity, entered by the Circuit Court of Mobile County, Alabama. The decree is responsive to and based on a jury's verdict

at law on an "issue out of equity." Howard v. Ridgeway, 225 Ala. 106, 142 So. 403(1).

Appellant filed its petition in equity to determine if it were obligated under a policy of liability insurance to defend Earl Leon Bodiford, one of the respondents, in a suit against him, filed at law, to recover damages for the death of Joe Lawrence Palmer. The suit was filed by the executor of the estate of the deceased. Palmer was killed when an automobile driven by Bodiford, with the consent of the named insured, either ran against him or so close to him that the body of a protruding occupant of the car hit him, proximately causing his death.

The respondent executor, Turner Murphy, demanded and obtained a trial by jury of the factual issues presented by the petition and responsive pleadings. Such trial by jury was granted as a matter of right. Major v. Standard Accident Insurance Company, 272 Ala. 22, 128 So.2d 105(3). The verdict was in no sense advisory. It was stipulated between the parties before trial that "there is coverage on the incident out of which the injury and death of Joe Lawrence Palmer arose unless such injuries were 'not caused by the accident' as stated in the policy of insurance in force in the case."

It was further stipulated and agreed that the only issue for the jury to determine was: "Was the death of Joe Lawrence Palmer, deceased, caused by an intentional act of Earl Leon Bodiford in the use of the motor vehicle owned by Colvin Young, the named insured, and therefore 'not caused by an accident' as insured against in the subject policy?"

The jury, on May 28, 1964, returned a verdict as follows:

"The death of Joe Palmer, deceased, WAS NOT caused by an intentional act of Earl Leon Bodiford in the use of the motor vehicle owned by Colvin Young, the named insured, and therefore, WAS

'caused by accident' as insured against in the subject policy."

Thereafter, on June 5, 1964, the Chancellor entered a final decree that was responsive to, and based on, the jury verdict. The decree adjudicated, in part, as follows:

"The death of Joe Palmer, deceased, WAS NOT caused by an intentional act of Earl Leon Bodiford in the use of the motor vehicle owned by Colvin Young, the named insured, and therefore WAS 'caused by accident' as insured against in the subject policy."

The decree further adjudicated:

"The complainant is obligated under the terms of said policy to defend the Respondent Earl Leon Bodiford in that action presently pending at law filed by Turner Murphy, as Executor of the Estate of Joe Lawrence Palmer, deceased, against Earl Leon Bodiford in the Circuit Court of Mobile County, Alabama, being Case Number 8176."

We deem it unnecessary to delineate any of the evidence adduced in the instant suit, but suffice it to say that the verdict on the stipulated issues was for the respondents and final decree was responsive to, and based on, the verdict as above noted.

In view of our pronouncements in Belk v. Belk, 275 Ala. 173, 153 So.2d 250, and in Owens v. Washington, 260 Ala. 198, 69 So.2d 694, we hold that none of the assignments of error are reviewable. There are twenty assignments. The first ten charge error on the part of the trial court in refusing certain written instructions for complainant. The next two charge error in the court's oral instructions to which exceptions were made. The next three claim error on the part of the court in denying appellant the right to except to instructions that were given the jury when it returned following retirement for further instructions. The next four charged error by the court in entering a final decree with certain findings therein. The twentieth assignment

**512**

charged that the court erred in overruling appellant's motion for a new trial and rehearing.

The two cases, Belk v. Belk, supra, and Owens v. Washington, supra, hold that neither the final decree that is responsive to the verdict nor alleged errors committed by the court during the trial are reviewable on appeal unless a motion to set aside the jury's verdict on "an issue out of equity" is filed before entry of a final decree. In the absence of such a motion, seasonably filed, to grant a new trial, a final decree based on the jury's verdict must be entered.

The decree of the trial court is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.