279 So.2d 506

**Charles WOOD, as Father of Alice Jean Wood, a Deceased minor and Alfred Dallas, Jr.**

v.

**CASUALTY RECIPROCAL EXCHANGE, a Reciprocal Organized Under the Laws of Missouri.**

**SC 142.**

Supreme Court of Alabama.

May 31, 1973.

Rehearing Denied July 5, 1973.

Knox M. McMillan, Auburn, for appellant Charles Wood.

Walker, Hill, Gullage & Adams, Opelika, for appellant Alfred Dallas, Jr.

Miller & Hoffmann, Montgomery, Samford, Torbert, Denson & Horsley, Opelika, for appellee.

**246**

McCALL, Justice.

■ The appellee urges that this appeal be dismissed because of the failure of the record to disclose service of citation, notifying the appellee of the appeal. Pursuant to a writ of certiorari, issued out of this court, the register in chancery of the Circuit Court of Lee County, Alabama, in which this cause originated has certified to this court citation on appeal in due form directed to one of the attorneys of record for the appellee Casualty Reciprocal Exchange with the sheriff's return endorsed thereon, showing the execution of service on the appellee. This evidences sufficient compliance with the requirements of Tit. 7, § 801, Code of Alabama, 1940. The motion to dismiss is denied.

The appellee, Casualty Reciprocal Exchange, a reciprocal organized under the laws of Missouri, filed its bill of complaint on the equity side of the circuit court against Charles Wood, as father of Alice Jean Wood, a deceased minor, and Alfred Dallas, Jr. The trial of the issues of fact was had before a jury.

■ The appellant Wood, together with Dallas, who joins in the appeal are aggrieved over the adverse order or decree of the trial court which granted a motion of the appellee insurance company to set aside the verdict of the jury returned in their favor as to ownership of an automobile and insurance coverage, thereon. The order set aside the judgment award, and the decree of the court entered thereon, and, also restored the case to the active trial docket of the equity court for a retrial, unless an appeal should follow the said order and judgment. The basis for this order was the court's opinion that the jury's verdict was against the great weight and preponderance of the evidence. It is the foregoing order or decree that Wood and Dallas seek to have reviewed on appeal, or, in the alternative, by mandamus, should they have mistakenly considered an appeal to be appropriate. Hereafter, these respondents in the court below will be referred to as appellants.

■ We think that the order here appealed from is not such as will support an appeal. In Wood v. Finney, 207 Ala. 160, 92 So. 264, we held that an order granting a motion to vacate and set aside a final decree and reinstating the cause on the docket was not a final decree nor an interlocutory order of such character as to authorize an appeal. However, mandamus may lie as the appropriate remedy, if the order shows on its face that it is void. The order here under attack shows on its face that the jury found the issues of fact presented to it in favor of the appellants. The order further shows that the appellants were granted relief under their cross-bills in the equity court's final decree of May 9, 1972, pursuant to the jury's verdict; that the appellee's application for rehearing or motion to vacate and set aside that verdict and the final decree entered thereon was not filed until May 30, 1972; and that the issues of fact presented were "issues out of chancery," affording the appellants a jury trial as a matter of right.

As we will undertake to demonstrate at a later point in this opinion, we think this order of the trial court, vacating and setting aside its final decree in this cause, is erroneous on its face. Therefore mandamus is the proper procedure to have it vacated. Capps v. Norden, 261 Ala. 676, 75 So.2d 915.

The bill in equity, which the appellee insurance company filed against its named insured Dallas and his judgment creditor, Wood, seeks a declaration of rights, status, or other legal relations under its automobile liability policy of insurance, (1) as to whether or not Dallas, the named insured in the policy, was entitled to its protection and coverage against liability arising out of an accident which resulted in the death of Wood's minor daughter, Alice Jean Wood, and, (2) as to whether or not the appellee insurance company is legally obligated under the policy to pay the monied judgment that the court of law rendered against Dallas for the resulting death of Wood's daughter.

The principal issues between the parties, made by their pleadings and the evidence in this case were: (1) Did the insured Dallas give the insurer timely and sufficient notice of the accident as required by the policy and the applicable law, and (2) was the automobile, involved in the one car accident, covered by the policy of insurance.

The evidence as to the giving of proper and timely notice was in conflict, but resolved ultimately by the court in favor of Dallas and Wood, and is not here raised by cross-assignment.

It was undisputed that the automobile involved in the fatal accident was not specifically described as an insured vehicle in the policy of insurance, but its ownership was disputed. Dallas and Wood offered evidence to prove that the accident automobile was a substitute vehicle within the provisions of the insurance policy, a covered automobile being then under repair, and, that by reason of this, the automobile in-

volved, which he contended was not owned by him, but by his daughter, was in fact an insured vehicle under the policy.

The policy of insurance in question contained the following pertinent definition of the word "automobile":

> "Temporary Substitute Automobile— under coverages A, B and division 1 of coverage C, an automobile not owned by the named insured or his spouse if a resident of the same household, while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction:"

■ On the issues of fact the appellants, Dallas and Wood, who filed separate cross-bills, demanded a trial by jury. This was granted as a matter of right. State Farm Mutual Automobile Ins. Co. v. Bodiford, 281 Ala. 510, 205 So.2d 589, Major v. Standard Accident Ins. Co., 272 Ala. 22, 128 So.2d 105. Tit. 7, § 164, Code of Alabama, 1940, as amended. The Declaratory Judgment Act, Tit. 7, § 164, supra, provides:

> "When a proceeding under this article involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."

In Alabama Electric Cooperative, Inc. v. City of Luverne, 282 Ala. 616, 618, 213 So.2d 676, 677, we said:

> "The parties to a declaratory judgment proceeding in equity have a right to trial by jury of all issues of fact presented if the same issues would be so triable when presented in common-law actions. Major v. Standard Accident Ins. Co., 272 Ala. 22, 128 So.2d 105; Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 2d 234."

The case of *Bodiford,* supra, was one in which the insurance company petitioned in

equity, for declaratory relief to determine if it was obligated to defend Bodiford, under a liability insurance policy, issued to Young, the named insured in a wrongful death action by the executor of the deceased Palmer. The parties stipulated and agreed that the only issue was: Was the death of Palmer caused by an intentional act of Bodiford in the use of Young's automobile or was the death caused by an accident as insured against in the policy? A jury trial was demanded and obtained for the trial of the factual issues. The court said:

"* * * Such trial by jury was granted as a matter of right. Major v. Standard Accident Insurance Company, 272 Ala. 22, 128 So.2d 105(3). The verdict was in no sense advisory. * * *" (*Bodiford*, supra, 281 Ala. at p. 511, 205 So.2d at p. 590.)

In a declaratory judgment proceeding in equity, the court in Major v. Standard Accident Ins. Co., 272 Ala. 22, 128 So.2d 105, held that the determination of the issue of ownership of an automobile was one of fact to be decided by a jury.

In *Bodiford*, supra, a declaratory judgment case, in equity, the jury returned a verdict in favor of the respondents, Bodiford and the executor. The court said that the decree of the court was responsive to and based on a jury's verdict at law on an "issue out of equity," citing Howard v. Ridgeway, 225 Ala. 106, 142 So. 403(1), wherein the court, in defining what is meant by "an issue out of chancery" said it was those equitable cases "wherein the parties are entitled, as matter of right, to a trial of the issues by jury, as contradistinguished from cases wherein the trial by jury and the verdict are merely advisory. Lewis v. Martin, 210 Ala. 401, 98 So. 635." See also Owens v. Washington, 260 Ala. 198, 69 So. 694. In such cases the trial of the issues by jury partake of the essence of a trial at law. A motion to set aside the verdict and award a trial de novo is es-

sential to a review by the chancellor of the rulings on the trial of the issues before the jury. Howard v. Ridgeway, supra; Karter v. East, 220 Ala. 511, 125 So. 655; Hale v. Cox, 222 Ala. 136, 131 So. 233. As to the point in time of procedure when the motion to set aside the verdict of the jury and grant a new trial must be made, the court in Owens v. Washington, 260 Ala. 198, 201, 69 So.2d 694, said that after the jury has returned its verdict, the aggrieved party must file such motion before the equity court has entered its final decree thereon, and following the principle referred to in Jester v. Jester, 225 Ala. 138, 142 So. 523, and Ex parte Curry, 248 Ala. 384, 27 So.2d 630, that unless the verdict is vacated, the verdict, responding to the issues submitted, is binding on the equity court, and the equity court must follow the verdict in rendering the decree.

The court also said this in Owens v. Washington, supra, 260 Ala. at page 202, 69 So.2d 694, 697, which is quoted in Wood v. Miller, 263 Ala. 499, 83 So.2d 206:

"* * * Since the alleged error in the trial at law must be presented to the court in equity (Karter v. East, 220 Ala. 511, 125 So. 655) the party making the motion should in the motion specifically set out each ruling of the law court of which he complains. In this situation, the equity court acts on the motion for a new trial as in jury trials at law and an appeal is not controlled by Equity Rule 62, Code 1940, Tit. 7 Appendix. Curry v. Holmes, 249 Ala. 545, 32 So.2d 39. By this it is meant that this court will on appeal review the ruling of the equity court on the motion for a new trial (Cook v. Morton, [241 Ala. 188, 1 So.2d 890] supra) if such motion is seasonably made, i. e., before the final decree is entered. Farmers & Merchants Bank of Ashville v. Jones, supra [238 Ala. 463, 191 So. 617]."

The case of Woods v. Allison Lumber Co., 261 Ala. 286, 287, 74 So.2d 486, was one to quiet title. A jury trial was grant-

ed as a matter of right. As to the point here in issue, the Supreme Court said:

" * * * An equity decree based on a jury's verdict on an issue out of chancery cannot be assailed on account of errors occurring on the jury trial unless motion is made assigning such errors before the final decree is entered on the jury's verdict. When no such motion is seasonably interposed, only those errors committed by the equity court (as distinguished from those occurring on the jury trial) can be reviewed. Owens v. Washington, 260 Ala. 198, 69 So.2d 694."

Again, in State Farm Mutual Automobile Insurance Co. v. Bodiford, supra, 281 Ala. at page 512, 205 So.2d at page 591 the court said:

" * * * In the absence of such a motion, seasonably filed, to grant a new trial, a final decree based on the jury's verdict must be entered."

No such motion to set aside the verdict of the jury and grant the appellee insurance company a new trial was seasonably filed in this case. It was belatedly filed after the equity court entered a final decree responsive to the jury's verdict. Our cases hold that such a motion comes too late, Farmers and Merchants Bank of Ashville v. Jones, 238 Ala. 463, 191 So. 617; Tilley's Ala. Equity, § 179, p. 194, and it should not be considered by the equity court after the court has entered up a final decree responsive to the verdict which was returned pursuant to the "issues out of equity" submitted to it. Such verdict is binding on the equity court unless timely challenged by a motion to set it aside. Owens v. Washington, 260 Ala. 198, 69 So.2d 694; State Farm Mutual Automobile Ins. Co. v. Bodiford, 281 Ala. 510, 205 So.2d 589. To sum up what we have said: The trial of the issues of fact in such cases by a jury partake of the essence of a trial at law, and a motion to set aside the verdict and award a trial de novo is essential to a review by the chancellor of the

rulings on the trial of the issues before the jury. Howard v. Ridgeway, supra; Owens v. Washington, supra. In the absence of such a motion, seasonably filed, to grant a new trial, a final decree based on the jury's verdict must be entered. State Farm Automobile Ins. Co. v. Bodiford, 281 Ala. 510, 205 So.2d 589. The following pronouncement of the court in Whiddon v. White, 285 Ala. 109, 229 So.2d 498 was not necessary to a decision in that case, but the statement has particular significance in the present case:

"Where a party in an equity proceeding is entitled to a jury trial as a matter of right, the verdict of the jury is binding on the court. The chancellor must enter a decree accordingly unless the verdict is vacated or set aside within the time and in the manner provided by law. Lewis v. Martin, 210 Ala. 401, 98 So. 635. The time for attacking the verdict is before entry of the final decree. Belk v. Belk, 275 Ala. 173, 153 So.2d 250; Ex parte Howard, 225 Ala. 106, 142 So. 403. The proceeding and trial by jury as a matter of right is not an independent trial, but a part of the equitable proceeding. Ex parte King, 230 Ala. 529, 162 So. 275; Owens v. Washington, 260 Ala. 198, 69 So.2d 694. * * *"

There being no timely motion attacking the verdict of the jury, the equity court should therefore have denied the appellee's motion to set aside the verdict and the final decree entered thereon. The ruling of the trial court, in granting the appellee's motion was invalid and cannot now be permitted to stand.

The appellee contends that this case should be considered, in the light of the Declaratory Judgment Act concerning jury trials, separate and apart from the provisions for jury trials in pure equitable suits, and, since the case involves a legal judgment, the appellee had thirty days from the entry of the judgment within which to file a motion for a new trial as provided by Tit. 7, § 276, Code of Alabama, 1940, as amended.

**250**

The appellee filed this suit on the equity side of the court which he had a right to do. There it remained pending. It is not before us to decide whether or not the appellee might have filed the case as an action at law under the Declaratory Judgment Act, Tit. 7, § 156 et seq., Code of Alabama, 1940, as amended. The fact remains that the case continued in equity and a final decree was entered by the chancellor in equity. It follows that equity procedures apply.

The final decree being in equity, § 276 of Tit. 7, Code of 1940, as amended, can have no application. In Owens v. Washington, supra, we made this observation as to its applicability:

> " * * * This section of the Code is necessarily and exclusively concerned with law judgments and not with equitable decrees. And notwithstanding the fact that 'the trial of the issues by jury partake of the essence of a trial at law' Howard v. Ridgeway, supra [225 Ala. 106, 142 So. 403, 404], an issue out of chancery is an equitable proceeding (Karter v. East, supra) and the jury trial is a part of the equitable proceeding (Ex parte King, supra [230 Ala. 529, 162 So. 275]) * * * ."

The appellee cites Major v. Standard Accident Ins. Co., 272 Ala. 22, 24, 128 So. 2d 105, 107. In that case the court decided that the respondents were entitled to a trial by jury of the "issues out of chancery" as a matter of right. The court was speaking to that aspect of the case when it said:

> "While petitions for declaratory judgment may be filed on the equity side, they are not 'bills in equity' for that reason alone."

The court did not hold in the *Major* case, supra, that the declaratory judgment cause, though filed in equity, was to be proceeded in as at law because the trial of the issues by jury partook of the essence of a trial at law.

Title 7, § 276, Code of 1940, has no applicability here so as to allow thirty days beyond the date of the final decree in equity to file a motion for a new trial.

In conclusion, the result is that the appeal should be dismissed. The application for mandamus is awarded to vacate and set aside the invalid order and judgment granting appellee's application for rehearing which is dated July 14, 1972, and to reinstate the final decree of the circuit court, in equity, entered on May 9, 1972, as thereupon entered.

Original appeal dismissed. Mandamus awarded to vacate and set aside order and judgment granting appellee a rehearing. Final decree reinstated.

HEFLIN, C. J., and COLEMAN, BLOODWORTH, and JONES, JJ., concur.