126 So.2d 477

Hattie LEDBETTER et al.

v.

James LEDBETTER et al.

8 Div. 951.

Supreme Court of Alabama.

Jan. 26, 1961.

H. T. Foster and John B. Tally, Scottsboro, for appellants.

W. M. Beck, Fort Payne, and Campbell & Campbell, Scottsboro, for appellees.

COLEMAN, Justice.

This is an appeal from a decree overruling demurrer to a bill in equity.

The complainants are the heirs of Dallas Ledbetter, deceased, who died intestate in 1943. The respondents are the widow and heirs of C. H. Ledbetter, deceased, who

died intestate in March, 1955. Dallas and C. H. were brothers.

The complainants pray for a declaration that they are the owners of a portion of a tract of land to which the respondents claim the legal title by inheritance from C. H. Ledbetter under a deed to him executed in 1932. Complainants pray also for general relief.

It appears that the entire tract had been owned by Jim Ledbetter, deceased, and at his death descended to his four sons, Dallas, C. H., Edgar, and Chub. The averments on which complainants rest their right to relief are that in 1932, Dallas Ledbetter, the ancestor of complainants, owned and possessed an undivided ¾ of the land and C. H. Ledbetter, the ancestor of respondents, owned an undivided ¼; that Dallas had inherited ¼, had acquired ¼ from Edgar, another ¼ from Chub, and had paid the consideration for the interests of Edgar and Chub; that Dallas remained in possession of said property for many years until 1932; that his health was then bad and he was in fear of death or of becoming totally disabled; that all his children were minors and their mother was deceased; that to conserve said property and pay the indebtedness thereon, he, Dallas, made an agreement with C. H. whereby Dallas would give C. H. ¼ and the entire property would be put in the name of C. H. so that he could more effectively manage the same for the benefit of both parties; that a deed to the entire interest was executed by Dallas, Edgar, Chub, and their wives to C. H. but the true intent was that ¼ be conveyed to C. H. so that he and Dallas would each own ½; that after execution of said deed, Dallas and C. H. divided said land between them by agreement but no deed was executed; that Dallas went into possession of his part and held exclusive possession of same until his death in 1943; that C. H. entered into possession of his part; that the complainants as heirs of Dallas continued in possession of his part until about one year after the death of

C. H. in 1955; that Dallas and his heirs collected all rents from his part and paid the taxes and his share of all payments due on a mortgage on the land; that neither C. H. nor any other person exercised any act of possession over or claim of ownership to Dallas' part until after the death of C. H.; that C. H. recognized the ownership of Dallas and his heirs and made statements of such recognition to complainants and others up until 30 days before his death; that approximately one year after the death of C. H. in 1955, complainants were dispossessed and respondents have since received rents and profits and have made no accounting therefor; and that a survey is necessary to ascertain an accurate description of the part belonging to Dallas.

Appellants' argument for sustaining the demurrer is based on three propositions.

■ 1. Appellants argue that the averments of the bill are insufficient to show that a constructive trust was created because no fraud on the part of C. H. Ledbetter at the time of execution of the deed to him has been shown. We agree that the bill does not establish a constructive trust.

Patton v. Beecher, 62 Ala. 579, is one of our earlier cases which makes it clear that the fraud prerequisite to the enforcement of a constructive trust must be implicit in the original transaction, not later. Talley v. Talley, 248 Ala. 84, 26 So.2d 586. No averment appears to show fraud on the part of C. H. Ledbetter in 1932 when the deed to him was executed. It is not averred that he was ever guilty of any fraud thereafter. The allegations are that "* * the said C. H. Ledbetter never made any claim of ownership to said property and fully recognized the ownership of said property as being in the widow and heirs of Dallas Ledbetter; * * * that no acts of possession nor any claims of ownership whatsoever were ever exercised over the part * * * known as the Dallas Ledbetter property * * * by C. H. Ledbetter or any other person until after the death of C. H. Ledbetter in March 1955."

The only alleged violation of complainants' rights is alleged to have occurred some 23 years after execution of the deed. Violation of a parol trust agreement or its subsequent repudiation is not of itself that character of fraud which will suffice to sustain the trust. Talley v. Talley, supra. Complainants have failed to show a right to relief on the theory of a constructive trust.

■ 2. Appellants argue also that complainants have not averred facts to show a resulting trust because the averments of the bill fail to show that C. H. Ledbetter took title in his own name to property purchased with the funds of Dallas Ledbetter. A resulting trust arises only where one has purchased property with the funds of another and has taken title in himself. Snow v. State, 257 Ala. 614, 60 So.2d 346.

The bill avers that Dallas Ledbetter "* * * acquired title to a one-half interest * * * by purchase from two of his brothers * * *; that the consideration for this conveyance was paid by the said Dallas Ledbetter and he went into possession * * * but that the deed thereto was never executed * * *" by the two brothers. These averments might afford a basis for argument that the interest of the other two brothers was purchased with funds supplied by Dallas. We do not, however, rest complainants' right to relief on the theory of a resulting trust because the averments may not be sufficiently explicit to show such a trust. We lay to one side the theory of resulting trust.

3. Appellants further argue that complainants show no right to relief because the bill shows that any trust that may have arisen was a parol trust and is barred by the statute of frauds. § 149, Title 47, Code 1940, does provide that a trust resting in parol and not within the exceptions permitted by the statute is void. Talley v. Talley, supra.

The Talley case, as we view it, does, however, provide authority for holding the bill sufficient to entitle complainants to relief. In the Talley case a brother and sister, who had for many years maintained a joint household, purchased a tract of land as their joint property under verbal agreement that it would be their joint homestead and the fruits of their joint labor would be used to repay the purchase price. The brother paid the purchase price and took title in himself though no fraud was charged in the conveyancing. Brother and sister occupied the land and as a result of their joint enterprise the full purchase price was repaid, presumably to the brother. Thereafter the brother repudiated the agreement and forced the sister to leave the homestead and refused to settle or adjust their joint undertaking.

The sister filed a bill in equity to enforce a trust or to have decreed to her an interest in the property. There was a prayer for general relief.

Demurrer to the bill was overruled. On appeal, this court affirmed, and held that the agreement being in parol was void under § 149, Title 47, Code 1940; that a resulting trust was not created because the sister did not furnish the purchase money at the time title passed to the brother; and no constructive trust was shown because original fraud at the time title was taken by the brother did not appear.

Nevertheless, this court held the sister entitled to relief under the general prayer and that the statute of frauds, § 3, Subdivision (5), Title 20, Code 1940, was satisfied because the sister had paid the purchase money, or part of it, and had held possession, and that payment and possession on the part of the sister had concurred, although her possession had been that of a cotenant with her brother.

Under the averments of the instant bill, Dallas Ledbetter had paid the purchase price for the interest of the other two brothers at the time of the execution of the deed in 1932 and had thereafter paid in addition thereto one-half of all payments made on the mortgage and one-half the

taxes. As to possession, it is averred that Dallas and the complainants had held exclusive possession of the Dallas Ledbetter part of the land from 1932 until about one year after the death of C. H. Ledbetter in March 1955. The possession of complainants alleged here is stronger than the possession of the sister in the Talley case. There the possession was the joint possession of a tenant in common. Here the lands had allegedly been partitioned by the tenants in common and each held exclusive possession in severalty. Here also, complainants pray for general relief.

The principles applicable here are like unto those applied in Yarborough v. Avant, 66 Ala. 526, where Yarborough and Avant jointly purchased lands but title was taken in Yarborough who advanced the consideration paid to the vendor. The parties agreed on partition and went into possession in severalty but deed to Avant was never delivered. Yarborough recovered a judgment at law for the portion allotted to Avant. On appeal, this court affirmed a decree stating the account between Avant and Yarborough's heirs, enjoining the judgment at law for Yarborough, and vesting in Avant the legal title to the portion allotted to him. This court said that a court of equity will intervene and confirm a parol partition of land which is founded on a valuable consideration when it is attended by possession, that there is no room for the operation of the statute of frauds, that the agreement between the parties had been wholly executed except as to conveyance of title, that possession was taken under the agreement and the purchase money fully paid, and the agreement was excepted from the operation of the statute.

We are of opinion that payment of the consideration for the shares of Edgar and Chub by Dallas, payment of one-half of the mortgage debt and taxes, and continuous, exclusive, undisputed, adverse possession of the Dallas Ledbetter portion, after voluntary partition, for twenty-three years by Dallas and his heirs under claim

of ownership are sufficient to remove the agreement from the inhibition of the statute and that the demurrer was properly overruled.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.