204 So.2d 813

Susie W. HICKS et al.

v.

Lillian ALLRED et al.

4 Div. 260.

Supreme Court of Alabama.

Nov. 9, 1967.

Rehearing Denied Dec. 21, 1967.

Jas. M. Prestwood, Andalusia, for appellants.

J. M. Albritton and Robert B. Albritton, of Albrittons & Rankin, Andalusia, for appellees.

LAWSON, Justice.

This is an appeal from an equity decree based on a jury's verdict.

Ida M. Wambles departed this life on October 30, 1964. Her will was propounded for probate in the Probate Court of Covington County and on November 24, 1964, the will was admitted to probate and record without contest.

Textatrix was survived by six children. In her will she left her property, which consisted in the main of 320 acres of land in Covington County, to three of her children and to a child of her husband by a previous marriage. She made no devise or bequest to three of her children.

On April 21, 1965, the three children who were not named as beneficiaries in the will filed their bill against those persons to whom testatrix left her property, to contest their mother's will under the provisions of § 64, Title 61, Code 1940.

■■ Complainants-contestants duly demanded a jury trial pursuant to § 67, Title 61, Code 1940. They were entitled to a jury trial as a matter of right. Ex parte Colvert, 188 Ala. 650, 65 So. 964; Nesmith v. Vines, 248 Ala. 72, 26 So.2d 265. The judge of the equity court could have impaneled a jury and had the issue of fact determined in the equity court or he could direct the issue to be tried by a jury in a court of law. Ex parte Colvert, supra. In this case, as we construe the record, the judge of the equity court ordered the issue of fact to be tried by a jury in a court of law.

The contested issue in the case was whether or not the will of Ida M. Wambles was "invalid because of undue influence exercised upon Testator [sic] by Oscar Wambles and Jimmie Wambles." Oscar and Jimmie are sons of the testatrix and are beneficiaries under her will. Oscar was named executor.

The jury returned a verdict in favor of the respondents-proponents, upholding the validity of the will. The minute entry indicates that the verdict was rendered on January 28, 1966, although it appears elsewhere in the record that the trial was not begun until January 31, 1966. But this discrepancy is not material and is not even mentioned in briefs filed here on behalf of the parties litigant. On February 23, 1966, the complainants-contestants moved the equity court to "set aside and hold for naught the judgment of this court on the jury verdict sustaining the will of Ida M. Wambles, and to grant unto these movants a new trial * * *." Nine grounds were assigned in support of the motion. As far as we can determine from the record, no judgment or decree had been rendered or entered at the time the said motion was filed. The judge of the equity court set the motion down for hearing on March 7, 1966, on which date the motion was overruled and denied and a decree was entered to the effect that the instrument propounded for probate was valid and was the last will and testament of Ida M. Wambles, deceased. The decree was in accordance with the verdict of the jury. From that decree the complainants-contestants appealed to this court.

■ The complainants-contestants followed the correct procedure in filing their motion, which we treat as one to set aside the jury's verdict and to grant a new trial, prior to the time that the equity court rendered the final decree. Karter v. East, 220 Ala. 511, 125 So. 655.

■ Even when the jury is impaneled by a judge sitting in equity and the cause is tried before the jury in the equity court, we have held that a motion to set aside the jury's verdict and to grant a new trial must be filed and acted upon before the final decree is rendered in order for us to review assignments of error which challenge the sufficiency of the evidence to support the verdict of the jury, adverse rulings on the admission of evidence, the giving of written charges requested by the appellee and the refusal of written charges requested by appellant. Marshburn v. Sullivan, 270 Ala. 50, 116 So.2d 378; Belk v. Belk, 275 Ala. 173, 153 So.2d 250; Brintle v. Wood, 223 Ala. 472, 136 So. 803; Hill v. Cowart, 251 Ala. 260, 37 So.2d 103; Wood. v. Miller, 263 Ala. 499, 83 So.2d 206; Woods v. Allison Lumber Co., 261 Ala. 286, 74 So. 2d 486; Owens v. Washington, 260 Ala. 198, 69 So.2d 694. The opinion in the case last cited contains language which indicates that the cause was transferred to the law side for jury trial, but an inspection of the original transcript shows that such was not the case.

The appellants, the complainants-contestants in the court below, have made twelve assignments of error, all of which relate to rulings made during the course of the trial before the jury on the law side.

■ There is no assignment of error to the effect that the equity court erred in overruling the motion to set aside the verdict and to grant a new trial, nor is there an assignment of error to the effect that the equity court erred in overruling

any ground or grounds of the motion to set aside the verdict and to grant a new trial. Some such assignments should have been made because, as pointed out in Karter v. East, supra, in cases of this kind, "The appeal to this court is from the final decree of the equity court. Only errors of that court are to be here reviewed."

Inasmuch as we have not heretofore expressly held that such an assignment of error must be made, we will consider the assignments of error which are sufficiently argued in appellants' brief.

The first assignment of error which is argued in appellants' brief reads:

"The Court erred in excluding testimony as to statements made by the decedent, Ida Wambles, a few days before her death, the statements referred to being, 'She said that she wanted her children to share and share alike at her death, that she didn't want some of them to get it all and some none.' "

█ Even if this assignment had been framed so as to assert error on the part of the equity court in overruling a ground of the motion to set aside the verdict and to grant a new trial in the language of the first assignment of error, it would be inefficacious because there was no such specific ground in the motion to set aside the verdict and to grant a new trial. That motion did contain grounds which read as follows:

"(7) The court erred in not permitting the contestants to prove statements made by the decedent a few days before her death.

"(8) The court erred in not permitting the contestants to prove that the decedent Ida M. Wambles stated that her property had been divided equally among all her children and that that was the way she intended to leave her property."

In Hale v. Cox, 222 Ala. 136, 131 So. 233, we said in part as follows:

"This appeal is from the decree of the court, entered on the verdict of a jury, rendered in the trial of an 'issue out of chancery' annulling the alleged last will and testament of Johnson B. Hale, deceased. See report on former appeal, Cox v. Hale, 217 Ala. 46, 114 So. 465.

"After the trial of the issue involving want of testamentary capacity and undue influence, resulting in a verdict in favor of complainant, the defendant reserved a bill of exceptions, made motion to set aside the verdict and award a venire facias de novo, for errors alleged to have been committed by the court in the jury trial.

"In hearing and disposing of a motion, the court of equity sits as a court of review, and the scope of the review is fixed and limited by the grounds of the motion, which should at least be as specific as an assignment of errors on appeal, that the attention of the court may be directed to the matters alleged as error. Karter v. East et al., 220 Ala. 511, 125 So. 655.

"Grounds of the motion 3 to 8, inclusive, are not sufficiently specific, and the trial court cannot be put in error for overruling these grounds. Woodruff v. Smith, 127 Ala. 77, 28 So. 736; Williams v. Coosa Mfg. Co., 138 Ala. 673, 33 So. 1015; Nashville, Chattanooga & St. Louis Ry. v. Crosby, 194 Ala. 338, 70 So. 7; Moneagle & Co. v. Livingston, 150 Ala. 562, 43 So. 840; Southern Ry. Co. v. Kirsch, 150 Ala. 659, 43 So. 796; Farmers' Mutual Insurance Ass'n of Ala. v. Tankersley, 13 Ala.App. 524, 69 So. 410." (222 Ala. 138–139, 131 So. 235)

Ground 7 set out above, like grounds 4 through 8 of the motion considered in Hale v. Cox, supra, was not sufficiently specific. We have examined the original record in Hale v. Cox, supra.

Ground 8 set out above presented to the equity court an entirely different question from that which appellants attempt to present to this court by their first assignment of error.

■ The matters made the basis of the second, third, fourth, fifth, and seventh assignments of error were not included among the grounds of the motion to set aside the verdict and grant a new trial. Hence, all other questions aside, they present nothing for review by this court. Hale v. Cox, supra; Owens v. Washington, supra.

Even if the sixth assignment of error was properly framed, which it is not, we would not reverse. The sole issue in this case was whether the will of Mrs. Wambles was invalid because of undue influence exercised upon her by Oscar Wambles and Jimmie Wambles. In our opinion the condition of the envelope containing the will was entirely irrelevant and immaterial to that issue. Moreover, the sixth assignment of error, if it was otherwise sufficient, could not work a reversal because it is couched in language too general to warrant consideration.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.