262 So.2d 611

**KANSAS QUALITY CONSTRUCTION, INC., a Corporation (Now known as Redman Development Corporation)**

v.

**Reese H. McKINNEY, d/b/a McKinney Painting and Decorating and Calvin Barnes.**

3 Div. 44.

Court of Civil Appeals of Alabama.

May 17, 1972.

Smith Bowman, Thagard, Crook & Culpepper, Montgomery, for appellant.

Patterson & Rinehart, Montgomery, for appellees.

**124**

BRADLEY, Judge.

This is an appeal from the following judgment of the Circuit Court of Montgomery County:

"This day came the parties by their attorneys and the defendant's demurrer to complaint being argued by counsel and understood by the court and being considered by the court, it is considered and ordered by the court and it is the judgment of the court that the said demurrer to the complaint is hereby overruled.

"AND issue being joined between the parties, and after hearing the evidence, the Court being of opinion, it is considered and ordered by the Court and it is the judgment of the Court that judgment be and the same is hereby rendered in favor of the plaintiff and against the defendant for the sum of $3,000.00 Dollars.

"It is therefore considered, ordered, and adjudged by the Court that the plaintiff have and recover of the defendant the said sum of $3,000.00 Dollars, together with the cost in this behalf expended, for all of which let execution issue.

"While the following matter is not within the Court's jurisdiction to pass upon in this cause, it is nonetheless the observation of the Court that upon the satisfaction of the above judgment, the materials referred to in the evidence as now in the possession of Nelson Paint Company, become the property of the defendant."

The appellant attacks this judgment on three fronts, claiming:

1. The judgment should have been for the defendant because the contract, the alleged breach of which is the subject of this suit, was procured by fraud in the form of rigged bids and therefore unenforceable.

2. The judgment was in an amount in excess of proven damages.

3. The last paragraph of the judgment. entry vitiated its validity.

From the evidence the following facts. appear: The defendant corporation was. engaged in erecting an apartment complex in Montgomery known as Carriage Hills. Apartments. Reese H. McKinney, d/b/a. McKinney Painting and Decorating, and Calvin Barnes were awarded a contract to do all required painting. That contract is. not here involved and is only of background interest. As the work progressed it became apparent that to stop leaks which had developed, applications of a silicone compound were indicated. The Regional Construction Director of the defendant, a. Mr. Forrester, with full authority, called for bids to supply labor and materials for the silicone treatment. Three bids were received. These were from the plaintiffs. who already had the painting contract, another from one Lamon, and another from The Prattville Dry Wall Company. The plaintiffs' bid was $5,965.00; that of Lamon $6,470.00 and that of Prattville Dry Wall Company $6,890.00. The plaintiffs. being the low bidders were awarded the contract by Mr. Forrester, again acting with full authority. The date of the acceptance of the plaintiffs' bid was February 8, 1970. Upon being awarded the con-

tract the plaintiffs purchased from the Nelson Paint Company a large quantity of silicone compound with which to do the job. The cost of this compound including containers was $1,180.38. The work could not be immediately commenced because of a moisture problem.

On March 26, 1970 McKinney received the following telegram from the defendant. "Be advised that your arrangement covering the application of waterproofing of the apartment located in Carriage Hills is hereby cancelled." On receipt of this telegram McKinney wrote a letter to the defendant stating he stood ready to perform and had already bought the required materials. Further correspondence ceased after receipt by McKinney of the following letter:

"Mr. Reese H. McKinney
McKinney Painting & Decorating
332 Winthrop Court
Montgomery, Alabama 36108

"Dear Mr. McKinney:

"Your letter dated April 10, 1970, is totally ambiguous and irrelevant and barely requires a reply. For your further analyzation, I am listing the following points:

"1. You were given a request to silicone the Carriage Hills building.

"2. You did not perform this work.

"3. Your agreement was cancelled with sufficient legal notice.

"4. In no way did you or any of your men have any lost time because of this.

"5. You have no claim which we would vaguely consider.

"From this day forth, I shall consider this matter closed.

"Very truly yours,

"William J. Gottschamer"

Suit for breach of contract followed receipt of the above letter.

We will now consider the grounds urged by the appellant for reversal of the judgment of the trial court which heard the case without aid of a jury. Only 4 witnesses testified. The plaintiff McKinney, his witness Conrad Nelson who sold the silicone to him, one Forrester, a former employee of the defendant, who awarded the contract in question, and a Mr. Gottschamer, a vice-president of the defendant company. They testified in the order named.

Ground 1. Mr. Gottschamer testified that following the termination of Mr. Forrester's employment which was in April 1970, he reviewed the file on the Carriage Hills project and discovered that the three bids received on the waterproofing were all apparently written on the same typewriter. These bids were introduced in evidence, reproduced copies appearing in the transcript. The inspection of these bids discloses a striking similarity in type in the fact that the letter "i" is elevated in all three bids. It further appears that the typewriter in the office of Mr. McKinney was used in typing the bid of the plaintiffs. Because it appears that all three bids were written on the same typewriter, the appellants insist that the trial court should have found that the bids were rigged and the contract therefore unenforceable as to damages for its breach. The defendant produced no other really persuasive evidence in support of this contention, nor was McKinney cross-examined to any extent as to the circumstances surrounding the submission of these three bids. Nor were the other bidders called as witnesses for the defendant. Nor was there any expert witness to testify that the bids were all written on the same typewriter. It is also interesting to note that the contract was terminated by the defendant prior to the time that the suspicions of Mr. Gottschamer were aroused by inspecting the bids in the file. Mr. Gottschamer, however, did testify that after the contract with McKinney and Barnes had been terminated, he secured a contract to do the same work for the sum

of $4,300.00, as opposed to the contract price of $5,865.00.

■ Admittedly, this evidence of fraud in procurement of the contract was such as to be entitled to the serious consideration of the trial court, but we are not prepared to say that it should control its decision, for the burden of proof is on him who asserts fraud to establish it. Mangina v. Bush, 286 Ala. 90, 237 So.2d 479. Fraud is never presumed and when relied upon must be distinctly alleged and proven. Mangina v. Bush, supra. Conceding arguendo that the bids for the contract were written on the same typewriter and that such typewriter belonged to the plaintiffs, such facts would not in themselves be conclusive proof of bid rigging, as other circumstances could have produced competitive bids made in good faith but yet typed on the same typewriter.

The trial court heard ore tenus the witnesses who testified and had before him all of the exhibits. Evidently the trial court did not believe that the evidence introduced in support of the claimed fraud was sufficient to establish it by the required proof, and we do not believe that the trial court was plainly or palpably wrong in failing to give the weight that the appellant desired and the inferences that the appellant desired from the fact of the similarity of the type used in the bids. We therefore hold that the trial court's failure to find fraud in the procurement of the contract does not warrant a reversal of its judgment.

We next come to the second ground urged for reversal, mainly the excessiveness of the judgment. The plaintiff McKinney testified to three items of damages: (a) loss of profits; (b) expense in the purchase of materials which he could not resell; (c) money which he had expended for labor which he would not have spent unless having performance of the contract in prospect. The testimony of the said McKinney was that on a job of this nature, a profit of 30% was reasonable. Mr. Forrester, a former employee of the defendant, testified that a profit of 25% to 30% was reasonable. Mr. Gottschamer testified that a profit of 10% was reasonable. Mr. McKinney further testified that in anticipation of performing the contract, he had purchased from Nelson Paint Company a silicone compound for this particular job, which together with its containers cost $1,180.38. He further testified that he had kept certain workmen on his payroll which he otherwise would have discharged, who, though doing some work in connection with his painting contracts, were more or less standing by to perform the waterproofing job. He further testified that since this contract had been terminated, he had not been able to dispose of the silicone which he had purchased. Mr. Nelson of the Nelson Paint Company testified that he had ordered the paint for the account of the plaintiffs, and had since the termination of the contract tried to resell it, but also without success. Mr. Gottschamer, while testifying, stated that his company at that time had 4,000 apartment units under construction, but he would not accept and pay for the silicone on hand, nor did he know of anybody that would want to buy it.

■ On the basis of the above testimony as to damages the court entered the complained of judgment in the sum of $3,000 as damages for breach of the contract. We cannot say that this amount is unreasonable, and not supported by credible evidence. The loss of profits and the cost of the materials for which there appears to be no present use almost in themselves equal the amount of the judgment, and when is added to this the additional cost of labor incurred by keeping employed certain workmen in order to perform the contract, which workmen would not have been otherwise kept on the payroll, the total damages do not appear so excessive as to justify disturbing the findings of the trial court.

■ The third ground for reversal urged by the appellant—that is the form of

the judgment entry—has no merit, as will be seen from reading the judgment entry shown above. It was in a normal form, except for the last paragraph, which must be treated as surplusage as it was only a gratuitous expression of opinion by the trial court as to a moral rather than a legal duty on the part of the appellee to turn over the unused materials to the appellant when his judgment was satisfied.

We also note that the suggestion in the last paragraph of the judgment was not one of the grounds contained in the motion for a new trial, hence for this reason alone we should not review it here. Hicks v. Allred, 281 Ala. 464, 204 So.2d 813.

The judgment of the trial court is due to be and is affirmed.

Affirmed.