This is an appeal by defendant-appellant, Margaret Falls Smith, from a judgment of the Circuit Court of Jefferson County. That court ordered the defendant to pay $6,524.82 into the court for distribution to plaintiff-appellees, Judith Jones Davis, et al.
The appellees initiated this lawsuit on April 7, 1975, filing a one-count complaint which alleged that defendant defrauded
her own mother by inducing her to convey her house to defendant. The complaint further alleged that defendant represented to her mother that the house (or proceeds from its sale) was needed in order to maintain the mother in a nursing home and that the proceeds not used would be conveyed to her mother's grandchildren, i.e., plaintiffs.
The complaint was later amended to add a second count which alleged that the above conveyance was based upon an oral trust
which required the defendant to use the proceeds from the sale of the house to support her mother in a nursing home with any balance not so used to be distributed to the plaintiffs. The plaintiffs then allege that when defendant's mother died a short time after the conveyance, the oral trust purpose failed since no expenditure of funds for long term care was required. Therefore, plaintiffs contended, a resulting trust was created in favor of the plaintiffs as residuary beneficiaries under the will of defendant's mother.
On April 11, 1977, the trial court rendered its final decree with the pertinent parts being:
 "In brief, the Bill seeks to establish a resulting trust in favor of the individual Plaintiffs and against the Defendant, as Trustee. The matter in controversy is a fund of money which was received from the sale of a piece of real property. The net income from the sale, after expenses of sale, was proven to be SIX THOUSAND FIVE HUNDRED TWENTY FOUR AND 82/100 DOLLARS ($6,524.82). The five Plaintiffs are grandchildren of the decedent, Ella N. Falls, who died seized of the subject real property.
 "The decedent executed a deed to the Defendant, intervivos, and enabled Defendant to make the sale. From all of the testimony and evidence in the cause, the Court finds that it was the intention of the decedent, made known to Defendant and all parties, that her grandchildren be beneficiaries of the trust.
Defendant stated that she had been told by decedent at the time of the execution of the deed that she knew that she would `do what was right' about her property. This Court feels that, in equity and good conscience, the thing that is `right' is to divide the income from the sale of the realty between the Plaintiff and grandchildren.
 "Accordingly, it is CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court as follows:
 "ONE: Defendant, Margaret Falls Smith, is hereby ordered to pay over to the Register of this court the sum of SIX THOUSAND FIVE HUNDRED TWENTY FOUR AND 82/100 DOLLARS ($6,524.82) within 10 days of this instant decree." [Emphasis supplied.]
The tendencies of the evidence, as revealed by the record, indicate the following:
The defendant is the daughter of the late Ella N. Falls. The plaintiffs are the children *Page 453 
of the defendant's three sisters and therefore the grandchildren of Mrs. Falls. The defendant and her mother have lived together for approximately 40 years.
Mrs. Falls entered the hospital on September 12, 1974. After a discussion of her future expenses, as noted above, there is testimony to the effect that on September 26, 1974, Mrs. Falls instructed defendant to have two deeds prepared: the first conveying the house in Fairfield from Mrs. Falls to the defendant and her three sisters as tenants in common; the second conveying the house in Wylam from Mrs. Falls to Mrs. Falls and the defendant as joint tenants with right of survivorship.
The deed to the Wylam house recites a valuable consideration. Immediately following the granting clause and the description of the property conveyed, the deed contains the following words:
 "The undersigned, Ella N. Falls, has been the sole owner of this property and it is the intent and purpose of this conveyance to create a joint tenancy with right of survivorship in the undersigned Ella N. Falls and the other grantee named herein, Margaret Falls Smith."
Mrs. Falls died on October 31, 1974. Three months later, defendant sold the Wylam house and it is the proceeds of such sale that the plaintiffs seek.
The record is devoid of any testimony that defendant told her mother or sisters what she would do with the proceeds. The disposition of the proceeds was not discussed. Testimony indicates that Mrs. Falls told the defendant to do "what is right" if anything was left. That is the totality of the discussion, prior to Mrs. Falls' death, concerning any proceeds left over from the sale of the house. The only written instrument drawn up was the deed.
At the outset, we note that no recoverable fraud was proved. Nor is the fraud aspect argued in brief of appellees. Put another way, count one, as clearly revealed by the trial court's order and briefs of the parties, is not involved in this appeal.
Appellees argue, as noted above in the complaint, that a resulting trust was created due to the failure of the oral trust, i.e., future expenses, and that the plaintiffs should recover as residuary beneficiaries.
Appellant contends that there was no trust, neither resulting nor constructive, and that the trial court erred in its decree. We agree.
The traditional classification of trusts recognizes two main divisions: express trusts and trusts by operation of law. Trusts by operation of law are classified into resulting trusts and constructive trusts. See 76 Am.Jur.2d Trusts § 189.
Title 47, § 149, Code of Alabama 1940, sets out the requirements for creating a trust in land.
 "No trust concerning lands, except such as results by implication or construction of law, or which may be transferred or extinguished by operation of law, can be created, unless by instrument in writing, signed by the party creating or declaring the same, or his agent or attorney lawfully authorized thereto in writing." [Emphasis supplied.]
It is clear that there was no express trust created due to the absence of any writing by Mrs. Falls. The law in Alabama is settled in that an express trust in realty may not be created by parol. See Snow v. State, 257 Ala. 614, 60 So.2d 346 (1952).
Therefore, appellees' argument that Mrs. Falls indicated her desire to create a trust when she told defendant to "do what is right" has no merit in light of the above authorities.
It is also clear that a parol trust in realty is void abinitio and that no valid trust is created when the realty is converted into personalty unless there is a later valid declaration of parol trust in such personalty. See Westcott v.Sharp, 256 Ala. 418, 54 So.2d 758 (1951).
In the instant case, there was no later declaration of parol trust in the proceeds, due to the death of Mrs. Falls. Therefore, there was no express trust of the proceeds from the sale of the house. *Page 454 
Turning now to trusts created by operation of law, as excepted from the requirements of Title 47, § 149, Code of Alabama 1940, we noted above that they are of two types: resulting and constructive. A constructive trust generally involves a presence of fraud; in view of which, the equitable interest should be recognized in some person other than the holder of legal title. See 76 Am.Jur.2d Trusts § 191. Clearly, there is no constructive trust in this case due to the absence of any fraud by defendant in obtaining the conveyance of the Wylam house.
Resulting trusts are mainly in two categories, (1) those arising on a failure of an express trust and (2) those arising on a conveyance to one person on a consideration from another,i.e., commonly referred to as a purchase-money resulting trust. See 76 Am.Jur.2d Trusts § 196.
The law in Alabama concerning resulting trusts states that they arise only where one has purchased property with the funds of another and has taken title in himself. Ledbetter v.Ledbetter, 271 Ala. 629, 126 So.2d 477 (1961). It is obvious that this is not the situation in the present case. Therefore, under Alabama law, no resulting trust was created since a purchase-money resulting trust is the only recognized type.
Even if Alabama recognized a resulting trust arising out of a failure of an express trust such would not be applicable here. As noted above, a parol trust in land is void ab initio;
therefore, there would be no trust to fail since it was invalid from the start. See Westcott v. Sharp, supra.
In summary, there was no express trust created due to a failure to comply with Title 47, § 149, Code of Alabama 1940. There was also no constructive trust because there was no evidence of fraud on the part of defendant in obtaining the conveyance. Lastly, a resulting trust was not created due to the fact that Alabama recognizes only the purchase-money type of resulting trust and that was not the set of circumstances in this case. There was simply no trust in this case.
Therefore, the trial court erred as a matter of law when it decreed that the proceeds should be divided among the grandchildren.
The above being dispositive of the appeal, other issues raised by appellant need not be considered.
The case is due to be and is reversed and remanded for entry of a judgment not inconsistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and BRADLEY, J., concur.