BRADLEY, Presiding Judge.
This is a divorce case.
The parties to the present litigation were married on September 1, 1973. The parties were married for more than eleven years, and separated on October 23, 1984. The husband filed for divorce on December 30, 1985.
The case came to trial on April 17, Í986. At the time of the hearing both the husband and the wife worked full time, and the wife attended college, where she was seeking to obtain a degree in business administration. The trial court presided over the ore tenus hearing and thén took the case under advisement.
On September 5, 1986 the trial court issued its final decree. In the decree the trial court granted the parties a divorce, granted custody of the parties’ minor chiid to the wife, and ordered the husband to pay the wife $125 per week in child support. The trial court also awarded all the parties’ household furnishings to the wife, awarded the parties’ 1982 Buick Riviera to the wife, and awarded the parties’ home to the wife. Finally, the court ordered the wife to fully assume the existing mortgage on the parties’ marital home and ordered the husband to pay all other existing indebtedness owed by the parties at the time of the divorce.
On September 22, 1986 the husband filed a motion to reconsider the final decree or, in the alternative, a motion for a new trial. The husband alleged in his motion that he had discovered new evidence of which he was not aware at the time of the original trial. The husband also alleged that the trial court abused its discretion in determining its award of the marital assets.
On October 6, 1986 the trial court entered a consent order whereby it divested the husband of any right, title, or interest he possessed in the marital home, and awarded the husband’s one-half interest to the minor son. The husband once again made a motion to reconsider the judgment on the basis that new evidence had been discovered on October 16, 1986. On October 21, 1986 the trial court set a hearing date on the husband’s motion for a new trial. After holding a hearing on the husband’s motion, the trial court denied the motion on December 19, 1986 and this appeal followed.
The husband contends in his brief that the trial court erred in making the property disposition in this case. The husband also contends that the trial court erred in refusing to grant his motion for a new trial oh the basis that newly discovered evidence was found and presented to the court.
At the outset, we note that matters such as the division of property in a divorce .decree fall within the sound discretion of the trial court and will not be disturbed on appeal absent a palpable abuse of that discretion. See, Dowdy v. Dowdy, 473 So.2d 1091 (Ala.Civ.App.1985).
The record in the present case reveals that the parties were married for over eleven years. The parties are both in good health and the evidence indicates that both husband and wife work. During the marriage the parties acquired the marital home in question, which was subject to a $13,000 mortgage. The parties subsequently made additions to the house in question and the husband personally bor *284 rowed approximately $30,000 from a former employer in order to make the additions. The trial court awarded the wife and the couple’s minor son each a one-half interest in the marital home, and required the wife to make payments on the mortgage, while the husband was required to make the payments on the existing $25,000 note for which he was already responsible. Based upon this review of the record, we are unable to say that the trial court erred in making the property disposition contained in its final decree. See, Dowdy v. Dowdy, supra.
The husband also contends that the trial court erred in refusing to grant his motion to reconsider the decree or, in the alternative, for a new trial.
Generally, the determination of whether to grant or deny a motion to reconsider or a motion for a new trial falls within the sound discretion of the trial court. See, Phillips v. Phillips, 395 So.2d 1040 (Ala.Civ.App.1981); see also, Rule 59, Alabama Rules of Civil Procedure. Also, unless the record discloses a manifest abuse of discretion on the part of the trial court, this court will not reverse the trial court’s exercise of that discretion. See, Educators’ Investment Corp. v. White, 374 So.2d 905 (Ala.Civ.App.1979).
As grounds for his motion to reconsider or, in the alternative, his motion for a new trial, the husband contends that he discovered new evidence after trial which he did not have an opportunity to present during the trial. Generally, a party seeking a new trial on the basis of newly discovered evidence must prove that he truly has discovered new evidence and that the evidence could not have been discovered before trial through the exercise of due diligence. See, Adams v. State, 428 So.2d 117 (Ala.Civ.App.1983).
The evidence presented at the hearing on the husband’s motion to reconsider indicates that he may not have actually known of the existence of the new evidence in question prior to the April 17, 1986 divorce hearing. However, our review of the testimony at the hearing on the husband’s motion reveals that the husband failed to offer any proof that he could not have discovered the evidence with the exercise of due diligence. A motion for a new trial on the basis of newly discovered evidence will not be granted unless the movant sufficiently demonstrates that he was unaware of the new evidence before trial and that he could not have discovered the new evidence through the exercise of due diligence. See, Adams v. State, supra. Since the husband failed to sufficiently prove that the evidence in question could not have been discovered before trial, we cannot say that the trial court abused its discretion in denying the motion.
For the foregoing reasons, we hold that the trial court did not abuse its discretion in arriving at the custody disposition in question and in denying the husband’s motion for reconsideration. The judgment below is affirmed.
The appellee is hereby awarded $350 as attorney’s fees on appeal.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.