The plaintiffs sought the imposition of a resulting or constructive trust in regard to certain lands in Lamar County, Alabama. Alternatively, they sought reimbursement of expenses incurred in reliance upon certain promises regarding that land. They claim that defendant Irene Moore committed fraud when she sold 89 acres of land, which the plaintiffs contend was rightfully theirs, to Fred Moore. The plaintiffs claim that Irene Moore had promised them that she would leave that 89 acres to them upon her death and that her promise to do so was evidenced in her will.
 FACTS
Curtis Moore (now deceased) and his second wife, defendant Irene Moore, residents of Lowndes County, Mississippi, owned approximately 91 acres of land (as joint tenants with right of survivorship) located in the Sulligent area of Lamar County, Alabama. Curtis Moore's only child by his first wife is Virginia Moore McClure, one of the plaintiffs in this action. The other plaintiffs are Virginia's husband, Robert McClure; Virginia and Robert's daughter, Teresa McClure Rogers; and Teresa's husband, Jerry Wayne Rogers.
The record reveals the following facts, which are set forth chronologically: Negotiations between Curtis Moore, Irene Moore, Virginia McClure, and Robert McClure sometime between 1968 and 1971 resulted in the conveyance of 2 acres of the *Page 9 
91 acres to the McClures by the Moores. The McClures were living in Arizona at the time of these negotiations. The record reveals that because Curtis Moore wanted his daughter closer to him, he made a gift of the two acres. There was a "general family understanding," according to the plaintiffs, that the McClures would receive the remainder of the Moores' property upon the death of both Curtis and Irene Moore. The McClures eventually built a house on the two acres and built a barn on that part of the remaining 89 acres nearest the McClures.
In 1971, both Curtis and Irene Moore executed wills. Each spouse was the principal beneficiary of the other's will. Both wills also contained a contingent beneficiary provision by which the remaining 89 acres would be devised to Virginia Moore McClure and Teresa McClure Rogers equally. Both Curtis and Irene executed new wills in 1978 that also included this contingent beneficiary provision.
On December 19, 1983, Curtis Moore executed a purported one-sentence holographic will. This document stated:
 "I hereby change my will, and leave everything to my daughter, Virginia Moore McClure.
 "/s/ Curtis L. Moore -------------------- "witnessed by /s/ Joel H. Frank"
Virginia testified that this will was given to her by her father at her home one week before his death. The witness was a mechanic working on Teresa Rogers's automobile on that day.
On December 26, 1983, Curtis Moore died of a heart attack. On January 12, 1984, his 1978 will was filed for probate in Lowndes County, Mississippi. The record reveals that the holographic will was not admitted to probate in Mississippi "due to the statute of limitations."[1] In December 1987, the 1978 will was also filed for probate in an ancillary proceeding in Lamar County, Alabama.
During the summer of 1984, Teresa and Jerry Wayne Rogers had discussions with Irene Moore that resulted in the Rogerses' moving and permanently installing a mobile home on the 89-acre tract. They built a deck on the rear of the mobile home and poured a concrete slab for a screened porch on the front. The Rogerses also installed a dog kennel. When the well went dry, they installed 1500 feet of water line. They also installed a septic tank.
During the spring of 1987, additional discussions took place between the Rogerses and Irene Moore. As a result, the old homeplace on the property, near the mobile home, was torn down. The Rogerses testified that Irene gave them permission to tear down the house and gave them continued assurance that their improvement to the land would benefit only Teresa, since she was to inherit the property.
In August 1987, Irene Moore conveyed the remaining 89 acres to Fred Moore (Curtis Moore's cousin) for $40,000. Fred Moore then conveyed the same 89 acres to himself and his wife as joint tenants with right of survivorship.
The McClures and the Rogerses filed a complaint against Irene and Fred and Fred's wife. The complaint alleged the following: That both Curtis and Irene Moore had promised Virginia and Teresa that the remaining 89 acres would be left to them upon the deaths of both Curtis and Irene; that the McClures built a house on the 2 acres given to them by the Moores in reliance on the promise that the 89 acres would be left to Virginia and Teresa; that the Rogerses moved a trailer onto the 89 acres, also in reliance upon Curtis and Irene's promise that Teresa would eventually inherit one-half of the property; and that after Curtis's death Irene continued to represent to Virginia and Teresa that they would inherit the property, but only to keep Virginia from contesting Curtis's 1978 will with the 1983 holographic will. The complaint requested the imposition of a "resulting" or "constructive" trust, or in the alternative, reimbursement for the expenses incurred by the McClures and the Rogerses in reliance upon the promises made by Irene. *Page 10 
The case was presented to the judge without a jury. After hearing testimony from Virginia McClure and Teresa and Jerry Wayne Rogers and considering selected deposition testimony of Irene Moore, the trial judge, upon motion, granted a "directed verdict"[2] in favor of the defendants.
The order of the trial court is set forth below:
 "The Plaintiffs' case is based upon the theory of a constructive trust. From the evidence presented, there is no doubt that Irene Moore promised Virginia Moore McClure that she would not alter her 1978 will. To show a constructive trust there must be a showing of either fraud or a situation where it would be inequitable for a constructive trust not to be imposed by the Court. As to the fraud issue, there has been no evidence that at the time Irene Moore made the promise not to alter the Will that she had a different intention or that there was any intent to deceive on her part. All witnesses for the Plaintiffs testified that they believed her promise not to change the Will and relied upon it, but the only testimony that was presented to the effect that she had an intent to deceive was that she had, in fact, changed the Will. This does not amount to fraud, as there is no showing that Irene Moore had intent to deceive at the time the promises were made. Further, . . . having heard only the case for the Plaintiffs and not having heard the Defendants' response, the Court is not convinced that this is a situation where equity should intervene to prevent unjust enrichment."
 ISSUES
The plaintiffs present the following issues: 1) whether a breach of contract to make or not to revoke a will is actionable; and 2) whether the plaintiffs proved a breach of contract that would support the imposition of a trust.[3]
We note at the outset that "[w]here the evidence before the trial court is undisputed . . . the ore tenus rule is inapplicable and the appellate court shall sit in judgment on the evidence de novo, indulging no presumption in favor of the trial court's application of the law to the facts." Justice v.Arab Lumber Supply, Inc., 533 So.2d 538, 542 (Ala. 1988).
For a constructive trust to be imposed, either the property must have been acquired by fraud or it must be inequitable to allow the property to be retained by him who holds it. SeePihakis v. Pihakis, 496 So.2d 765, 768 (Ala. 1986); Smith v.Davis, 352 So.2d 451, 454 (Ala.Civ.App. 1977). The fraud must have been present in the original transaction and must not have occurred later. Ledbetter v. Ledbetter, 271 Ala. 629, 630,126 So.2d 477 (1961); citing Talley v. Talley, 248 Ala. 84,26 So.2d 586 (1946). Here, the only alleged violation of the plaintiffs' rights is said to have occurred years after the wills were executed. For fraud to exist, Irene Moore must have intentionally deceived the plaintiffs at the time her will was executed. See Ledbetter, 271 Ala. at 631, 126 So.2d 477.
The trial court found no evidence of misrepresentation. There is no evidence in the record to indicate that Irene Moore intentionally deceived the plaintiffs at the time the promise to will the land was made. On the contrary, the record indicates that at the time they were made Irene Moore fully intended to fulfill these promises. It appears from the record that she simply changed her mind due to a change in her relationship with the plaintiffs. See Brothers v. Moore,349 So.2d 1107 (Ala. 1977); Sims v. Reinert, 285 Ala. 658,235 So.2d 802 (1970). We also find no evidence of misrepresentation.
The plaintiffs' authority cited in support of their request for a constructive trust does not support their claim. The cases cited support the general rule that when a *Page 11 
promisor repudiates a contract (made during the lifetime of the promisor to convey or to will property in consideration ofservices or support) and conveys or attempts to convey the promised property to others, a constructive trust may be imposed if there had been substantial performance on the part of the promisee.
The plaintiffs argue, alternatively, that a resulting trust was created. Resulting trusts are mainly in two categories — those arising as the result of the failure of an express trust, and those arising on a conveyance to one person on a consideration from another. Pihakis v. Pihakis, 496 So.2d 765,767 (Ala. 1986); Smith v. Davis, supra. The law in Alabama, however, concerning resulting trusts is that "they arise only
where one has purchased property with the funds of another and has taken title in himself." Pihakis, 496 So.2d at 767, citingLedbetter v. Ledbetter, 271 Ala. 629, 126 So.2d 477 (1961) (emphasis supplied). Because there was no purchase of the property, no resulting trust was created here.
We take note additionally of Ala. Code 1975, § 35-4-256, which states that "No such trusts [i.e., trusts concerning land, see § 35-4-255] whether implied by law or declared by the parties, can defeat the title of creditors or purchasers for a valuable consideration without notice." Thus, even if a trust was created by implication of law, it could not defeat Fred Moore's title, because the record shows that he purchased "for a valuable consideration without notice."
Ala. Code 1975, § 43-8-250, states:
 "A contract to make a will or devise, or not to revoke a will or devise, or to die intestate, if executed after January 1, 1983, can be established only by:
 "(1) Provisions of a will stating material provisions of the contract;
 "(2) An express reference in a will to a contract and extrinsic evidence proving the terms of the contract; or
 "(3) A writing signed by the decedent evidencing the contract.
The execution of a joint will or mutual wills does not create a presumption of a contract not to revoke the will or wills."
The record indicates no compliance with this section.
The evidence, even though not discussed in the trial court's order, was sufficient also to support a finding that there was no contract to devise the 89 acres. Additionally, we note that even if there had been a contract, the judge could have found that there had been no compliance with the Statute of Frauds. See Ala. Code 1975, § 8-9-2. In fact, the evidence clearly indicates that there was no compliance with the Statute of Frauds and no compliance with Ala. Code 1975, § 43-8-250. The judgment denying the imposition of a trust was well supported by the evidence.
Assuming arguendo that such a contract did exist, the record shows no promise by the McClures or the Rogerses to serve or support in any way. The plaintiffs' only testimony as to possible consideration is that of Virginia McClure. She stated that she would not have spent all those years on the 2 acres if she had known she would not receive half of the other 89 acres. The record contained statements regarding some help given Irene Moore by the plaintiffs when Irene was in the hospital and regarding occasions when the plaintiffs did Irene's laundry. From our review of the record as a whole, we think it clear that this help was not given by the plaintiff as consideration under any alleged contract.
The trial judge made no ruling on the claim for reimbursement for expenses allegedly incurred in reliance on the promise. We must take that failure to rule as a denial of that claim. SeePoston v. Gaddis, 372 So.2d 1099, 1101 (Ala. 1979). The appellants do not argue here that that denial was error. Therefore, in that regard we have nothing to review.
Because we find no basis for reversal, the judgment of the trial court is due to be affirmed.
AFFIRMED.
JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.
[1] We make no determination as to the validity of the holographic will under either Mississippi law or Alabama law.
[2] We note that in a non-jury case the proper term would be a motion for dismissal. See A.R.Civ.P. 41(b); see also Quick v.Director of State of Alabama Dep't of Ind. Rel., 398 So.2d 312,314 (Ala.Civ.App. 1981).
[3] The defendants did not file a brief on this appeal. While the plaintiffs structured the issues so as to address a breach of contract claim, the brief actually argues a constructive trust theory. *Page 12