KENNEDY, Justice.
The plaintiffs, Timothy Elders and Environmental Monitoring and Testing Corporation (hereinafter referred to as “Environmental”), appeal from a judgment entered in favor of the defendants, Jody Preston Kidd and Tim Cook, after a nonjury trial.
According to the plaintiffs, Elders was driving east on 4th Avenue in Birmingham on September 30, 1990; he was driving a pickup truck owned by Environmental. Defendant Kidd was travelling north on 19th Street when he went through a traffic light at the intersection of 4th Avenue and 19th Street. The defendant Cook was the owner of the automobile driven by Kidd. The plaintiff Elders and the defendant Kidd each claims that the traffic light at the intersection was green when he proceeded through it. Each had been drinking alcohol before the accident. Elders was injured, and the pickup truck owned by Environmental was damaged.
The plaintiffs sued, claiming negligence and negligent entrustment. The defendants counterclaimed, alleging negligence and negligent entrustment. The trial court found in favor of the defendants on the plaintiffs’ claims and found in favor of the plaintiffs on the defendants’ claims. Only the plaintiffs appeal.
Where a trial court sitting without a jury hears ore tenus evidence, its judgment is presumed to be correct and will be reversed on appeal only where it is plainly and palpably wrong by not being supported by the evidence or inferences that can be logically drawn from the evidence. Spruiell v. Robinson, 582 So.2d 508 (Ala.1991).
After thoroughly reviewing the arguments presented by the plaintiffs, we would characterize the two issues for our review as follows: (1) whether the trial court abused its discretion in excluding evidence of medical bills and photographs of the scene of the accident because the evidence was not presented to the defendants within the 60-day period imposed by the Birmingham Differential Case Management Plan; and (2) whether the trial court erred in finding for the defendants on the plaintiffs claims.
The first issue is whether the trial court erred in refusing to admit evidence that was given to the defendants only at trial, 50 days after it was due. Deeply rooted in the common law is the court’s power to manage its affairs in order to achieve the orderly and expeditious disposition of cases, including the authority to impose reasonable and appropriate sanctions for failure to comply with discovery and the court orders resulting therefrom. Iverson v. Xpert Tune, Inc., 553 So.2d 82 (Ala.1989). The appellate court will not disturb the trial court’s choice of discovery sanctions on appeal absent some abuse of discretion. Ragan v. Blazon Flexible Flyer, Inc., 590 So.2d 882 (Ala.1991).
In this case, counsel for the plaintiffs failed to comply with the Birmingham Differential Case Management Plan, by not sending photographs and copies of medical bills to the defendants within the required period. The record does not indicate that the trial court abused its discretion in refusing to admit the evidence.
The second issue is whether the trial court erred in finding for the defendants on the plaintiffs claims. Where a case is tried ore tenus, the appellate court will assume that the trial court made the findings that would be necessary to support its judgment, unless such findings would be clearly erroneous or against the great weight of the evidence. Fitzner Pontiac-Buick-Cadillac, Inc. v. Perkins & Assocs., Inc., 578 So.2d 1061 (Ala.1991).
The defendant Kidd and the plaintiff Elders each claimed that the light at the intersection was green in his favor when he drove through it. There were no eyewitnesses to the accident. Clearly, the testimony from Kidd would support a finding by the trial court that the defendants were not negligent and that there was no negligent en- *1033 trustment. Also, there is evidence to support a finding by the trial court that both parties were negligent and that each party’s contributory negligence barred a recovery.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.