On Application For Rehearing

YATES, Judge.
This court’s original opinion, dated March 25, 1994, is withdrawn, and the following is substituted therefor:
Barbara Jean Smith sued Michael Wayne Smith for divorce on September 21, 1992, in the Circuit Court of Escambia County, Alabama. On October 1, 1992, the trial court entered a temporary order establishing the rights and obligations of the parties, and dividing the assets of the marriage. On January 22,1993, the trial court entered its final judgment, awarding the husband “exclusive possession of and title to the ... paint and body shop business, including all real and personal property located on the premises of said business.” On February 17, 1993, the husband filed a motion to alter, amend, or vacate the judgment, and on February 22, 1993, he filed a motion for a new trial. Both motions were denied by operation of law. The husband appeals, arguing that the business was not part of the marital estate and was no longer owned by him, and that, therefore, the trial court inequitably divided the marital estate.
The dispositive issue is whether the trial court erred in denying the motion for a new trial.
The husband introduced into evidence a contract for the sale of real property, signed by him, as buyer, and Eloise Tettleton (his aunt), as seller. Although the business was located on that property, the contract made no reference to the business. The husband testified that the business was in financial trouble and that foreclosure was about to occur. However, tax returns from 1987 to 1991 revealed that the business was netting a profit.
The trial court found in its January 22, 1993, order:
“The husband continues to work in the paint and body shop business, and according to his testimony, this business has recently and suddenly fallen upon hard times. There was no evidence to support this other than the husband’s testimony, and according to his testimony, misfortunes of the business apparently occurred between the time the case came on for hearing in November 1992 and the time of the final hearing in January, 1993. Although the husband had a witness in court, who could have presumably shed some light on this, that witness was not called to testify. Considering the evidence, or lack thereof, the court is of the opinion that the business continues to be a going business, and the husband should have no difficulty in continuing to earn at least [$2,000] per month out of the business, notwithstanding his testimony to the contrary.”
The husband filed, as exhibits to his motion for a new trial, foreclosure letters and a quitclaim deed that transferred back to Tet-tleton the real property and “all equipment except the personal tools of [the husband] whieh are located in [the business].” That deed is dated after entry of the January 22 order.
Property division falls within. the sound discretion of the trial court. Hamrick v. Hamrick, 508 So.2d 282 (Ala.Civ.App.1987). Further, whether to grant or deny a motion to alter, amend, or vacate the judgment, or a motion for a new trial, is generally within the sound discretion of the trial court. Id.
Based on the foregoing, we cannot hold that the trial court erred.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.