YATES, Judge.
Opiy South Land Investment Group, Ltd., an Alabama limited partnership, sued Harold Price, Katherine Price, Janice McLean, Katherine Tyson, and AmSouth Bank, N.A., to quiet title to 30 acres of land it claimed to own located in Baldwin County. Before trial, McLean and Tyson disclaimed all interest in the land, in favor of the Prices, and were discharged from the proceedings. The jury returned a verdict for Opry South Land Investment, finding that title to the property was vested in it.
The Prices moved for a new trial or, in the alternative, to alter or amend the judgment. The trial court denied the motion for a new trial; however, it granted the motion to alter or amend the judgment, awarding the Prices a 16% interest in the property, pursuant to § 10-8-73(b), Ala.Code 1975. Additionally, it imposed a constructive trust on Opry South Land Investment’s interest in the property, to be discharged upon payment by Opry South Land Investment to the Prices of 84% of the total sum of $3,835.09 that the Prices had paid in property taxes (i.e., $3,221.48). Opry South Land Investment then moved to alter or amend the order and amended judgment; the trial court denied that motion. Opry South Land Investment appeals; the Prices cross-appeal. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
Opry South Land Investment was composed of nine limited partners and one corporate general partner. The corporate general partner, Opry South, Inc., had a 16% interest *1085 in the limited partnership; each of the nine limited partners had a 9⅜ interest. The limited partnership was formed to buy land and to then sell it to developers. On October 18, 1988, Opry South purchased a large tract of land, which included the 30 acres at issue, from Craft Farms. Opry South took title by way of deed from Craft Farms; however, Craft Farms retained a vendor’s lien on the tract of land.
On October 9, 1984, Opry South conveyed the land to Opry South Land Investment by statutory warranty deed. On October 18, 1984, Opry South Land Investment prepared a restriction on transfer, which prevented Opry South, as general partner of Opry South Land Investment, from selling, mortgaging, or otherwise conveying the land without written consent of at least two-thirds of the limited partners; however, this document was not recorded until January 22,1988. On September 25, 1987, a “correction vendor’s lien deed” was prepared to correct an error contained in the original deed executed in October 1983 from Craft Farms to Opry South. This correction deed made no reference to the statutory warranty deed executed in October 1984 transferring the property from Opry South to Opry South Land Investment.
On November 6, 1987, more than three years after Opry South had conveyed the land to Opry South Land Investment by statutory warranty deed, the president of Opry South, Joe Mitchell — acting as president of the corporation and not as president of the general partner of Opry South Land Investment — executed a document purporting to create a mortgage on the 30 acres at issue to Roek-Co Construction Company, Inc., in exchange for a $12,500 cash advance by Roek-Co to Opry South and the promise to do additional work on a tract of property not involved in this litigation. The mortgage was executed without the knowledge of and authorization from Opry South Land Investment. Four months later, Roek-Co foreclosed on the mortgage and was named the grantee in the foreclosure deed. Thereafter, the Prices, in exchange for their home, acquired title to the 30 acres of land from Rock-Co by a warranty deed dated June 8, 1989.
Opry South Land Investment contends that the trial court erred in granting the Prices’ motion to alter or amend the judgment and awarding them a 16% interest in the land pursuant to § 10-8-73(b), Ala. Code 1975. It argues that “a partner does not own any specific percentage interest in the real property owned by a partnership” and, therefore, that Opry South, as a corporate general partner in Opry South Land Investment, could not convey title or any interest in the land to Rock-Co. Section 10-8-73(b), Ala.Code 1975, states, however: “Where title to real property is in the name of the partnership, a conveyance executed by a partner, in his own name, transfers only the equitable interest in the property of that partner”. Title to the land was in the name of Opry South Land Investment when Opry South made the conveyance to Rock-Co. Opry South had a 16% interest in Opry South Land Investment. Thus, we conclude that the trial court did not abuse its discretion in applying § 10-8-73(b) and in awarding a 16% interest in the land to the Prices.
We note that whether to grant or to deny a motion to alter, amend, or vacate a judgment is within the sound discretion of the trial court. Smith v. Smith, 644 So.2d 22 (Ala.Civ.App.1994), K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993). “This Court will not disturb an order denying or granting a motion to alter, amend, or vacate a judgment unless there has been a manifest abuse of discretion.” Tatum v. Kelley, 481 So.2d 1132, 1136 (Ala.1985). Abuse of discretion by a trial court in granting or denying a Rule 59(e) motion is found only where there has been a breach of a legal right and where the record plainly shows that the trial court erred. Lockhart v. Phenix City Investment Co., 488 So.2d 1353 (Ala.1986), Kelly v. Kelly, 624 So.2d 601 (Ala.Civ.App.1993).
Opry South Land Investment further argues that the trial court erred in imposing a constructive trust on its interest in the land until it pays to the Prices 84% of the $3,835.09 that the Prices had paid in property taxes. In order for a constructive trust to be imposed, either the property must have been acquired by fraud or it must be *1086 inequitable to allow the property to be retained by the one who holds it. Brothers v. Fuller, 607 So.2d 135 (Ala.1992); McClure v. Moore, 565 So.2d 8 (Ala.1990). Although the imposition of a constructive trust appears inappropriate -under the facts of this case, the trial court did have the authority to order Opry South Land Investment accountable for a percentage of the property taxes the Prices had paid, because the trial court has much discretion in determining whether to order an accounting. See Ex parte Deaton, 243 Ala. 154, 8 So.2d 819 (1942); Davis, Tilley’s Alabama Equity, § 16-3 (3d ed. 1994). Further, an accounting is proper when it is incidental to other relief. Boyett’s, Inc. v. Gross, 276 Ala. 452, 163 So.2d 610 (1964). The chief clerk in the tax assessor’s office testified at trial that Opry South Land Investment was never billed for property taxes on the land because the land was involved in a tax sale and that taxes on the property were assessed to the Prices beginning with the 1989 tax year. She stated that although the Prices failed to pay the taxes in 1991 and 1992, they did ultimately redeem the property from the state on a tax sale. Accordingly, that part of the trial court’s amended judgment requiring Opry South Land Investment to pay $3,221.48 to the Prices is due to be affirmed.
The Prices contend on cross-appeal that the trial court erred in denying their motion for a new trial. They argue that Opry South Land Investment did not have possession of the land, which is necessary to entitle it to quiet title under § 6-6-540, Ala. Code 1975. In order to quiet title to real property under § 6-6-540, Ala.Code 1975, the plaintiff must prove that he was in actual or constructive possession of the property and that his possession was peaceable, as distinguished from scrambling or disputed. Cobb v. MacMillan Bloedel, Inc., 604 So.2d 344 (Ala.1992).
The only issues presented to the jury were the Prices’ affirmative defenses of ratification and waiver and estoppel; the trial court reserved final judgment on all other issues. The trial court stated in its instructions to the jury that it had found “record title” to the property to be with Opry South Land Investment. Although the trial court made no express finding regarding peaceable possession, we must assume that it found Opry South Land Investment to be in peaceable possession of the property, because it found “record title” to be in that entity. Environmental Monitoring & Testing Corp. v. Kidd, 623 So.2d 1031 (Ala.1993). The jury returned a verdict for Opry South Land Investment and against the Prices on the affirmative defenses.
In their motion for a new trial, the Prices contended that the jury verdict was against the preponderance of the evidence and contrary to the law and facts of the case. They argue on appeal that that motion preserved the possession issue for review. We disagree. The motion for a new trial preserved for review only the jury verdict regarding the Prices’ affirmative defenses, as they were the only issues presented to the jury. It did not preserve for review the possession issue, because the matters made the basis of any error regarding that ruling by the trial court were not included among the grounds of the motion for new trial; therefore, nothing was presented for review by this court. See Hicks v. Allred, 281 Ala. 464, 204 So.2d 813 (1967). That motion presented to the trial court an entirely different question from that which the Prices attempt to present on cross-appeal.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY, J., concur.